EDWARD TAUSEVICH & others[1] vs. BOARD OF APPEALS
OF STOUGHTON.[2]

Norfolk.  February 2, 1988. — April 12, 1988.

Present: HENNESSEY, C.J., WILKINS, LIACOS, ABRAMS, & O'CONNOR, JJ.

*Res Judicata. Collateral Estoppel. Practice, Civil,* Judgment.

On appeal to this court in an action seeking to overturn a decision of a town's
zoning board of appeals denying two landowners permission to extend
professional and business office uses on their premises, it was held that
determinations made in a proceeding for partial summary judgment in
an earlier action between the same parties were not entitled to issue
preclusive effect where, in the prior action, the partial summary judgment
never was expressed in an appealable judgment or order, the parties
mutually agreed to a dismissal without prejudice, and an apparently
substantial issue remained undecided. [148-151]

CIVIL ACTION commenced in the Superior Court Department
on April 25, 1984.

The case was heard by *Roger J. Donahue,* J., on a motion
for summary judgment.

The Supreme Judicial Court on its own initiative transferred
the case from the Appeals Court.

*Kenneth B. Hoffman* (*Mark Roder* with him) for the plain-
tiffs.

*John W. Giorgio* for the defendants.

WILKINS, J. In this case we conclude that determinations
made on a partial summary judgment in an earlier action be-
tween the parties are not entitled to collateral estoppel or issue

---

[1] Leonard Tausey and Robert Stein.

[2] The members of the zoning board of appeals were sued as members of
the board and individually. The theory under which they might have been
liable individually does not appear in the complaint or elsewhere in the
record. No argument is made here that dismissal of the complaint against
them individually was error.

preclusion effect. We do so because the earlier action, in which an apparently substantial issue remained undecided, was terminated by a stipulation of dismissal without prejudice and because the partial summary judgment never was expressed in an appealable judgment or order.

Since 1978 the plaintiffs have owned property in Stoughton that is used for professional and business offices. Use of the premises for such offices became a nonconforming one when the town rezoned the area from business to residential uses in 1964.

In this action the plaintiffs seek to overturn a decision of the board of appeals of Stoughton (board) that denied them permission to extend professional and business office uses on the premises. The board ruled that the plaintiffs' use of the building was substantially different from the use for which the building had been used at the time of the zoning change (and until the plaintiffs purchased it). The board therefore refused to grant a special permit under a zoning by-law provision authorizing a change from one nonconforming use to another "not substantially different use."

In an earlier proceeding the board had revoked a building permit issued to the plaintiffs for an expansion of business uses on the premises. The plaintiffs appealed to the Superior Court, claiming that under the Stoughton zoning by-law they were entitled to expand as a matter of right and that in their decisionmaking the defendants had violated the open meeting law (G. L. c. 39, § 23B [1986 ed.]). In that action, the plaintiffs moved for partial summary judgment, on their claim that they were entitled as of right to a building permit allowing expansion of their nonconforming use. The judge rejected that claim and ordered partial summary judgment for the board. No separate judgment was entered pursuant to Mass. R. Civ. P. 54 (b), 365 Mass. 820 (1974). The judge decided that the evidence before the board warranted its determination that the plaintiffs' business constituted a substantially different use from the busi-

ness which had been on the premises at the time of the 1964 rezoning.

In the action now before us the board moved for and obtained summary judgment on the ground that (1) the special permit which the plaintiffs seek could be obtained only if their use is not substantially different from the lawful nonconforming use, (2) the partial summary judgment entered in the earlier action showed that the plaintiffs' use was substantially changed from the lawful nonconforming use, and (3) the plaintiffs are precluded from relitigating the change of use issue. In their appeal from a judgment for the board, the plaintiffs argue that preclusion is improper because there was no appealable judgment in the first action and because that action was dismissed without prejudice by agreement.[3]

For purposes of our discussion, we assume that the issue whether the plaintiffs' use of the premises is substantially different from the lawful nonconforming use was decided adversely to the plaintiffs in the first action.[4] We conclude, nevertheless, that this is not an appropriate occasion on which to preclude the plaintiffs from relitigating that issue.

We reject the plaintiffs' argument that the absence of a final judgment in the earlier action is by itself sufficient to bar issue preclusion. If a separate, and hence appealable, judgment had been entered under Mass. R. Civ. P. 54 (b) and thereafter the action had been dismissed, the plaintiffs might well be foreclosed from relitigating the issue. The better view is that a final judgment in the traditional sense is not essential to the applicability of issue preclusion. See Restatement (Second) of Judgments § 13 (1982) (a judgment may be "final" for purposes

---

[3] We took the plaintiffs' appeal on our own motion.

[4] The question is not whether the successive proceedings before the board concerned the same by-law provisions but rather whether the question on which the Superior Court judge ruled in the earlier action (that the evidence before the board justified the board's conclusion that there was a substantial change of use) reappears in the same form in this action. Because the plaintiffs' uses may have changed and because the Superior Court judge made no direct findings on evidence before him concerning the issue of a substantial change of use, this identity of issues question would not be an easy one to resolve on this record.

of issue preclusion if the earlier adjudication was "sufficiently firm to be accorded conclusive effect"). Factors supporting the conclusion that a decision is final for the purpose of preclusion are that the parties were fully heard, the judge's decision is supported by a reasoned opinion, and the earlier opinion was subject to review or was in fact reviewed. *Id.* comment g. " 'Finality' in the context here relevant may mean little more than that the litigation of a particular issue has reached such a stage that a court sees no really good reason for permitting it to be litigated again." *Lummus Co.* v. *Commonwealth Oil Ref. Co.,* 297 F.2d 80, 89 (2d Cir. 1961), cert. denied, 368 U.S. 986 (1962).

In general, where issue preclusion has been applied on the basis of a preliminary or interlocutory order, that order was appealed or could have been appealed. See, e.g., *Alexander* v. *Chicago Park Dist.,* 773 F.2d 850, 854-855 (7th Cir. 1985), cert. denied, 475 U.S. 1095 (1986); *Miller Brewing Co.* v. *Jos. Schlitz Brewing Co.,* 605 F.2d 990, 995-996 (7th Cir. 1979), cert. denied, 444 U.S. 1102 (1980); *Zdanok* v. *Glidden Co.,* 327 F.2d 944, 955 (2d Cir.), cert. denied, 377 U.S. 934 (1964); *Lummus Co.* v. *Commonwealth Oil Ref. Co., supra* at 89-90. See generally 18 C.A. Wright & A.R. Miller, Federal Practice and Procedure § 4434 (1981). In *Avondale Shipyards, Inc.* v. *Insured Lloyd's,* 786 F.2d 1265, 1270 (5th Cir. 1986), the court held that no preclusive effect should be given to an order for partial summary judgment where the case was settled before any judgment on the merits was entered. The court said "We are not aware of any federal appellate decision which has applied preclusion to a prior nonfinal ruling as to which appellate review was unavailable, nor any which contradicts our above-cited opinions stating that partial summary judgment orders under [Fed. R. Civ. P.] 56 (d) are not preclusive." *Id.*

Where there has been no appealable judgment or interlocutory order, we would need special circumstances to justify the imposition of issue preclusion. For example, an order entered after a full trial that is immune from reversal on appeal, such that it is an insuperable obstacle to the losing party's success,

might warrant issue preclusion even if no appeal could have been taken, if other considerations justify according the order conclusive effect. Also, if a case is settled after trial, without an appeal or entry of judgment, for the express purpose of avoiding issue preclusion, the attempt may well fail. See *Chemetron Corp.* v. *Business Funds, Inc.*, 682 F.2d 1149, 1187 (5th Cir. 1982), judgment vacated on other grounds, 460 U.S. 1007, and cert. denied sub nom. *Bintliff* v. *Chemetron Corp.*, 460 U.S. 1013 (1983).

The facts that are significant in our determination not to find issue preclusion in this case, beyond the absence of an appealable judgment, are that (1) the earlier action was dismissed by stipulation without prejudice and (2) at that time the plaintiffs had still pending a claim that the defendants had violated the open meeting law. It is also shown on the record that the parties agreed as part of the settlement of the earlier action that the plaintiffs could seek a special permit from the board while reserving their rights on their claim that they were entitled to extend their nonconforming use as of right.[5] The agreement to dismiss that earlier action without prejudice suggests that the litigation was not intended to have any effect on the parties. Surely, the board could have persuaded its victory on the nonconforming use point, if it had wished. By its stipulation, the board avoided having to try the question whether its members violated the open meeting law. If they had, the court might have invalidated the board's decision. See G. L. c. 39, § 23B (A judge "may invalidate any action taken at any meeting at which any provision of this section has been violated" if the complaint is filed within twenty-one days of the date the action is made public).

We thus conclude that, in the circumstances of this case, the absence of an appealable judgment, the mutual agreement

[5] This last fact appears in an unopposed affidavit of an attorney who represented the plaintiffs during the settlement negotiations. That affidavit also says that the parties understood that the stipulation "was to render the Court action non-existent." The board has let that statement stand unchallenged by affidavit. Proof of these facts at trial would not be required to support our decision to deny issue preclusive effect to the earlier ruling.

to dismiss the action without prejudice, and the plaintiffs' abandonment of an unresolved claim (not shown to be frivolous) indicate that issue preclusion is not appropriate in this case.

The summary judgment for the board is vacated, and the case is remanded to the Superior Court for further proceedings.

*So ordered.*