Greco, J.
Can-Am Drilling & Blasting Co., Inc. (“Can-Am”) commenced this action against general contractor Intercoastal Development Corp. (“Intercoastal”) to recover a $22,743.74 balance due on Can-Am’s written sub-contract for drilling and blasting work it performed on a residential construction project in Marble-head. Can-Am amended its complaint by adding defendants William E. Bohne ("Bohne”), individually and as trustee of W. B. Realty Trust (“the Trust”). Bohne was the president, treasurer and majority stockholder of Intercoastal. The Trust purchased the Marblehead land later developed by Intercoastal.
In May, 1993, Can-Am was granted summary judgment against Intercoastal for the full amount of its claim. In July, 1993, Can-Am filed a second summary judgment motion against Bohne & the Trust on the basis of an alleged prior adjudication that the defendant corporation and Trust were shells, that Bohne, Intercoastal and the Trust were one and the same, and that all three defendants were thus liable on Can-Am’s sub-contract.
The “prior adjudication” relied on by Can-Am was Sloan v. Intercoastal Development Corp. (Lynn District Court No. 25-88), an action brought by Samuel and Caryn Sloan (“the Sloans”) as buyers of one of the Marblehead houses built by Intercoastal. The Sloans sued both Intercoastal and Bohne, as Trustee of Stonehill Realty Trust (“Stonehill”),[2] for breach of contract and warranties, negligence and G.L.c. 93A violations arising from the defendants’ incomplete and defective house construction, failure to disclose significant lot drainage problems, and blasting activities which caused property damage. Intercoastal and Stonehill filed a third-party complaint against Can-Am, and the Sloans then cross-claimed against Can-Am.
After a lengthy trial, the Sloan case was taken under advisement. The trial judge later drafted an extensive memorandum setting forth voluminous findings of fact, responses to numerous requests for rulings by all parties, and ultimate findings: (1) for the Sloans against Intercoastal and Bohne, as Stonehill Trustee, in the amount of $132,140.00, (2) for Can-Am on Intercoastal’s third-party complaint, and *15 (3) for the Sloans against Can-Am in the amount of $14,805.00. The unsigned memorandum, which ended with the words “Judgment to enter accordingly,” was circulated by tire trial judge to the attorneys, and a copy was mailed to the civil clerk of the Lynn Division. The parties settled the case and filed a joint stipulation of dismissal, however, before the memorandum was received. As a result, judgment was never entered.
Can-Am’s summary judgment motion against Bohne and the Trust in this action is based on the disposition of two requests for rulings in the Sloan memorandum. Request number 20 by Intercoastal and Stonehill stated:
The failure of the plaintiffs to introduce into evidence a G.L.c. 93A demand letter warrants a judgment for the defendants on their G.Lc. 93A claim [citation omitted].
The trial judge’s lengthy response to this request; which was neither expressly allowed nor denied, included the following:
Stonehill is not excluded from liability in this case, as the overwhelming evidence was that in effect the Trust land owner [Stonehill] and the Builder/Seller [Intercoastal] were directly controlled by the same individual. Stonehill should be equally liable. See Cumberland Farms v. My Bread Baking Co., 353 Mass. 614 (1968) ... William Bohne, as Trustee of W. B. Realty Trust, purchased the real estate consisting of eleven acres from Haley Greystone Corp. on April 2,1984. Bohne, as Trustee of W. B. Realty Trust, transferred the property to himself and his father as Trustees of Stonehill Realty Trust sometime during 1987.
The judge also allowed request number 26 filed by the Sloans, which stated:
When there is a parallel identify [sic] of trusteeship and ownership in connection with the holding of title to real estate by trustees, it may be inferred that the trust is a ’nominee trust,’ and will afford no liability protection to the true party in interest [citation omitted].
After hearing, the court in this action rejected Can-Am’s prior adjudication argument, and denied its motion for summary judgment. The court then entered summary judgment for the non-moving parties, Bohne and the Trust.
1. The prior adjudication doctrine of issue preclusion or collateral estoppel dictates that
when an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination if essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim.
RESTATEMENT (SECOND) OF JUDGMENTS §27 (1982). See generally, Miles v. Aetna Casualty & Surety Co., 412 Mass. 424, 426-427 (1992). Applying collateral estoppel principles to this case, it is clear that the trial court properly declined to accord the Sloan memorandum the preclusive effect urged by Can-Am.
First, collateral estoppel bars the relitigation of a question of fact only when such question was the “product of full litigation and careful decision.” Miles v. Aetna Casualty & Surety Co., supra at 427. Can-Am’s present assertion that all three defendants in this action are one and the same party in interest was neither a question “distinctly put in issue and directly determined,” Fidler v. E. M. Parker Co., 394 Mass. 534, 539 (1985) in the Sloan action, nor a matter “essential” to any ultimate finding, judgment or resolution of the Sloan case. Home Owners Fed. Sav. & Loan Assoc. v. Northeastern Fire & Marine Ins. Co., 354 Mass. 448, 455 (1968); Arthur D. Little, Inc. v. East Cambridge Sav. Bank, 35 Mass. App. Ct. 734, 740 *16 (1994). Neither Bohne, individually, nor W. B. Realty Trust were parties to the Sloan action. Of the numerous claims for which the Sloans sought recovery, only one involved blasting, and none dealt with any party’s liability for payment of Can-Am’s sub-contract.
Request number 20 in Sloan dealt with the validity of the Sloans’ G.Lc. 93A claim in view of their failure to send a demand letter to Intercoastal. The judge ruled that a demand letter to a prospective corporate defendant which did not maintain a Massachusetts place of business was unnecessary, and the judge’s dictum reference to Bohne and the W. B. Realty Trust in his explanation of such ruling was purely gratuitous. Similarly, the judge allowed the Sloans’ request for ruling number 26 as a correct general proposition of law. Such allowance was not a finding of fact and said nothing about the application of the stated law to any particular situation. In short, there is nothing in the Sloan memorandum which suggests that the judge specifically addressed or analyzed, much less adjudicated, any question involving a piercing of Intercoastal’s corporate form.[3]
3. Second, no finding or ruling in the Sloan memorandum would have any pre-clusive effect in a subsequent action because no judgment was ever entered in that case. While “a final judgment in the traditional sense is not essential to the applicability of issue preclusion,” the adjudication in the first action must be “sufficiently firm to be accorded conclusive effect.” Tausevich v. Board of Appeals of Stoughton, 402 Mass. 146, 148-149 (1988). A decision is “sufficiently firm” or final for collateral estoppel purposes if “the parties were fully heard, the judge’s decision is supported by a reasoned opinion, and the earlier opinion was subject to review or was in fact reviewed.” Id. at 149. The Sloan case was settled well before the judge’s draft memorandum of decision was even received by the parties or the trial court clerk. The memorandum was apparently never docketed, and no judgment on the merits was ever entered. Thus the Sloan memorandum could not have been appealed and was, in fact, never reviewed by an appellate court.[4]
4. In the absence, therefore, of any binding prior adjudication that Intercoastal and the Trust were merely the alter egos of individual defendant Bohne, there was no error in the court’s denial of Can-Am’s motion for summary judgment against Bohne and the Trust. The propriety of that ruling did not, however, warrant the *17 entry of summary judgment in favor of the non-moving parties.
Generally, “[s]ummary judgment, when appropriate, may be rendered against the moving party,” Dist./Mun. Cts. R. Civ. R, Rule 56(c), even in the absence of a cross-motion. Charlesbank Apts., Inc. v. Boston Rent Control Admin., 379 Mass. 635, 636 n.2 (1980). But this provision of Rule 56(c) is “appropriately” utilized only in those cases in which the dispositive issue is purely one of law. See, e.g., Bonitz v. The Travelers Ins. Co., 374 Mass. 327, 332-333 (1978); Doyon v. The Travelers Indem. Co., 22 Mass. App. Ct. 336, 339 (1986). Conversely, where genuine issues of fact remain and where both parties have not had an adequate opportunity to address the same, summary judgment against the moving party should not be entered. See Good v. Commissioner of Correction, 417 Mass. 329, 336-337 n.7 (1994).
Can-Am’s Rule 56 motion asserted that there was no genuine issue of material fact solely because the purported prior ruling in Sloan of Bohne’s personal liability for Intercoastal’s business ventures conclusively resolved this issue. Can-Am’s motion was thus limited strictly to its collateral estoppel argument, and cannot fairly be read as contending that there was no factual controversy in this case in the absence of the prior ruling. Further, as no cross-motion for summary judgment or affidavit opposing Can-Am’s motion was filed by Bohne or the Trust, there was no assertion by the nonmoving parties of the lack of any factual dispute. In the absence of such assertion, there was no notice to Can-Am that it was required to address any issue beyond that of the Sloan memorandum.[5]
Nor has Can-Am conceded that it would be unable to establish Bohne’s personal liability at trial independently of Sloan. Can-Am has in fact consistently complained by motions to compel discovery, for sanctions, and otherwise about Bohne’s refusal to answer deposition questions and to produce corporate tax returns, statements of corporate assets and liabilities and other documents.[6] Can-Am has thus impliedly argued that should its reliance on the Sloan memorandum fail, it has other soil to till in its efforts to establish Bohne’s personal liability.
Accordingly, the trial court’s denial of Can-Am’s motion for summary judgment is affirmed. The entry of summary judgment in favor of William E. Bohne, individually and as trustee of W. B. Realty Trust, is hereby reversed and vacated. This case is returned to the Lynn Division of the District Court Department for trial.
So ordered.

 The undeveloped parcel of land in Marblehead was purchased by W. B. Realty Trust, and then deeded to Stonehill Realty Trust. The Sloans believed that they were buying a house from the builder, Intercoastal, and did not learn that Stonehill was the record owner of the property until the closing on their house. The realty was apparently deeded at that time by Stonehill to Intercoastal, and then by Inter-coastal to the Sloans.

As the trial judge herein noted, “[i]gnoring the corporate form, or piercing the corporate veil, is an equitable tool that ignores the distinction between shareholders and their corporation in order to prevent injustice or fraud. Considering whether a corporation has been formed or managed contrary to public policy or for fraudulent reasons, which would allow the imposition of personal liability on shareholders, is a fact specific question and likely to involve precise analysis... [on the basis of the following factors]: 1) common ownership; 2) pervasive control; 3) confused intermingling of business activily assets or management; 4) insufficient capitalization for purposes of the corporate undertaking; 5) non-observance of corporate formalities; 6) nonpayment of dividends; 7) insolvency of the corporation at the time of the transaction being litigated; 8) siphoning of corporate funds by the dominant shareholders; 9) non-functioning of officers and directors other than the shareholders; 10) absence of corporate records; 11) use of the corporation for transactions of the dominant shareholders; and 12) use of the corporation in promoting fraud ... ” See My Bread Baking Co. v. Cumberland Farms Inc., 353 Mass. 614 (1968); Evans v. Multicon Construc. Corp., 30 Mass. App. Ct. 728 (1991); Pepsi Cola Metro. Bottling Co. v. Checkers. Inc., 754 F. 2d 10 (1st Cir. 1985).

In such a situation, a court “would need special circumstances to justify the imposition of issue preclusion,” such as the settlement of a case after trial “for the express purpose of avoiding issue preclusion.” Tausevich v. Board of Appeals of Stoughton, supra at 149-150. See also exceptions listed in RESTATEMENT (SECOND) OF JUDGMENTS, §28(2) (1982). No special circumstances are evident here.

Even where “the court believes that the non-moving party is entitled to judgment, great care must be exercised to assure that the original movant has had an adequate opportunity to show that there is a genuine issue and that his opponent is not entitled to judgment as a matter of law.” See 101A C. WRIGHT AND A. MILLER, FEDERAL PRACTICE AND PROCEDURE §2720 (1983).

Promptly after summary judgment was entered for Bohne and the Trust, Can-Am filed a motion to reconsider with a supporting affidavit. These documents noted Intercoastal’s refusal to produce corporate records and reiterated Can-Am’s own efforts and requests to engage in further discovery. No action was taken upon the motion to reconsider.