Gants, J.
On March 4, 1998, the plaintiff, Jaime Milot (“Milot”), was sexually assaulted by the defendant George Benyamin (“Benyamin”) at his apartment. Seven months later, on November 4, 1998, Benyamin was convicted following a jury trial of two counts of rape, one count of indecent assault and battery on a person fourteen years of age or older, and one count of assault with intent to rape. Commonwealth v. George Benyamin, Worcester County Criminal Action No. 98-00280. After Benyamin’s criminal conviction, Milot brought this civil action, alleging six counts:
Count 1: negligence
Count 2: intentional or reckless infliction of emotional distress
*780 Count 3: assault
Count 4: sexual battery
Count 5: false imprisonment
Count 6: bill to reach and apply.
Milot now moves for summary judgment on Counts 2, 3, and 4.[1] After hearing and for the reasons stated below, the plaintiffs motion for summary judgment is ALLOWED as to liability alone on Counts 3 and 4 and DENIED as to Count 2.
DISCUSSION
In Aetna Casualty & Surety Co. v. Niziolek, the Supreme Judicial Court held “that a party to a civil action against a former criminal defendant may invoke the doctrine of collateral estoppel to preclude the criminal defendant from relitigating an issue decided in the criminal prosecution.” 395 Mass. 737, 742 (1985). The Court found that such issue preclusion “will conserve scarce judicial resources, prevent people from profiting from their criminal conduct, and perhaps most importantly, prevent the diminution of public confidence in our judicial system that would result if civil juries repeatedly found by a preponderance of the evidence that a convicted criminal defendant had not done something that a criminal jury had found beyond a reasonable doubt that he had done.” Id. As a result, when a jury, as here, finds beyond a reasonable doubt that a defendant is guilty of an indictment, that criminal conviction serves to estop the defendant from relitigating in a civil trial any issue necessarily decided by that verdict. Id. at 742-47. The fact that the conviction is on appeal does not prevent it from having preclusive effect where, as here, the conviction is sufficiently firm that the defendant has been sentenced. See Tausevich v. Board of Appeals of Stoughton, 402 Mass. 146, 148-49 (1988).
The defendant concedes that the jury, in finding him guilty on the four criminal counts, found beyond a reasonable doubt each of the elements necessary to find him civilly liable as to the torts of assault and sexual battery (Counts 3 and 4). He contends, however, that the convictions should not be given preclu-sive effect as to these two counts because he chose for strategic reasons not to testify at the criminal trial and has filed an affidavit protesting his innocence. The defendant has presented no case supporting this proposition and this Court sees no reason to create such an exception to the general rule of claim preclusion established in Niziolek. Indeed, in Niziolek, the Supreme Judicial Court specifically rejected the defendant’s argument that he did not have a full and fair opportunity to litigate during his criminal trial because of the limitations on criminal discovery. 395 Mass. at 746-47. Here, there was no limitation on the defendant’s right to testify; he simply chose, for reasons of strategy, to forego that constitutional right. If strategic choices were sufficient to negate claim preclusion, there would effectively be no claim preclusion because this exception would surely devour the rule. Therefore, this Court finds that summary judgment, for reasons of claim preclusion, is warranted for the plaintiff on Counts 3 and 4 (assault and sexual battery).
The plaintiff concedes that issue preclusion alone is not sufficient to support summary judgment as to Count 2 (intentional infliction of emotional distress). To prevail on a claim of intentional infliction of emotional distress, the plaintiff must show (1) that the defendant intended to inflict emotional distress or that he should have known that emotional distress was the likely result of his conduct; (2) that the conduct was “extreme and outrageous, beyond all possible bounds of decency and utterly intolerable in a civilized community”; (3) that the defendant’s actions were the cause of the plaintiffs distress; and, (4) that the emotional distress sustained by the plaintiff was “severe” and of a nature “that no reasonable [person] could be expected to endure it.” Agis v. Howard Johnson, 371 Mass. 140, 144-45 (1976). Since the criminal jury in this case did not need to decide whether the plaintiff suffered severe emotional distress from the sexual assaults, the guilty verdicts do not reflect any finding on this issue.[2]
The plaintiff tries to salvage summary judgment as to liability on this claim with two arguments. First, she argues that severe emotional distress should be found, as a matter of law, from the finding of rape. Second, she contends that her affidavit detailing her emotional distress is sufficient to warrant summary judgment in the absence of contrary evidence in the summary judgment record.
As to the first argument, this Court recognizes that severe emotional distress virtually always results from rape but knows of no case that essentially takes judicial notice of this fact. Nor does this Court believe that judicial notice is appropriate on an issue as subjective and personal as the severity of emotional distress resulting from a traumatic experience. It properly remains the province of the jury to evaluate the severity of the plaintiffs emotional distress. Moreover, pragmatically, the jury would still need to decide this issue even if summary judgment were allowed as to liability in order to determine the amount of damages resulting from the sexual assaults. The better course is simply to leave this issue to the jury and not confuse the jury’s deliberations with judicial findings.
As to the second argument, the plaintiff errs in concluding that the defendant has presented no evidence in the summary judgment record rebutting her affidavit describing her severe emotional distress. The defendant has submitted an affidavit declaring that the plaintiff never gave any indication on the evening of the alleged sexual assaults that anything was other than normal. This attestation is sufficient to raise a genuine issue of material fact on this issue. For all *781 these reasons, summary judgment as to Count 2 (intentional infliction of emotional distress) is denied.
ORDER
For the reasons stated above, the plaintiffs motion for summary judgment is ALLOWED as to liability only on Counts 3 and 4 (assault and sexual battery) and DENIED as to Count 2 (intentional infliction of emotional distress).

Milot’s motion, on its face, moves for summary judgment on all counts, but she conceded at the hearing on the motion that she was only entitled to summary judgment as to these three counts.

Indeed, evidence of the alleged victim’s emotional distress is generally excluded from a criminal trial as unduly prejudicial.