JAMES JAROSZ *vs.* STEPHEN L. PALMER & another.[1]

No. 98-P-1062.

Middlesex. May 8, 2000. - August 11, 2000.

Present: ARMSTRONG, C.J., PORADA, & GELINAS, JJ.

Further appellate review granted. 433 Mass. 1103 (2001).

*Practice, Civil,* Judgment on the pleadings. *Evidence,* Judicial notice. *Judgment,* Preclusive effect. *Attorney at Law,* Attorney-client relationship.

In a civil action, the judge properly took judicial notice of materials in another civil matter when deciding the defendants' motion for judgment on the pleadings, and any error in failing to give notice of treating the motion as one for summary judgment was harmless, where the plaintiff was given an opportunity to oppose the motion by written memorandum and oral argument. [835-836]

In a legal malpractice action, the judge should not have precluded the plaintiff from litigating the issue of an attorney-client relationship with the defendants where, even though the issue was litigated and determined in a prior action, the determination was not final inasmuch as there had been no final judgment nor opportunity for the plaintiff to seek appellate review; the matter was remanded for further proceedings. [836-838]

CIVIL ACTION commenced in the Superior Court Department on July 11, 1997.

The case was heard by *Isaac Borenstein,* J., on a motion for judgment on the pleadings.

*Scott S. Sinrich* for the plaintiff.

*Nelson G. Apjohn* for the defendants.

PORADA, J. The principal issue in this case is whether the plaintiff's action against the defendants for breach of contract, breach of fiduciary duty, legal malpractice, and violation of G. L. c. 93A, based upon allegations that the defendants mishandled his legal affairs in the formation of two corporations in which he was a minority stockholder, is barred by the principles of issue preclusion. In a related Superior Court action

[1]Warner & Stackpole LLP.

in which the plaintiff had sued the two corporations for wrongful termination of his employment and its majority stockholders for breach of fiduciary duty, the plaintiff had sought to disqualify the defendants from representing the corporations and the majority stockholders on the ground that the defendants had acted as his attorneys in forming the two corporations to acquire a business known as Union Products. A Superior Court judge ruled that the defendants had not acted as the plaintiff's attorneys in that matter and denied the motion to disqualify. After taking judicial notice of this ruling and the court records of the related action brought by the plaintiff against the corporations and majority stockholders, the Superior Court judge in this action allowed the defendants' motion for judgment on the pleadings on the ground that the judge's ruling on the motion to disqualify precluded the plaintiff from relitigating the issue of an attorney-client relationship between the parties. On appeal, the plaintiff argues that the motion judge erred in considering matters outside the pleadings in deciding the motion for judgment on the pleadings and in entering judgment for the defendants on the ground of issue preclusion. We address both issues.

1. *Motion for judgment on the pleadings.* Subsequent to the filing of the defendants' original answer in this case, the defendants sought and obtained permission to amend their answer to incorporate issue preclusion as a defense based upon the ruling made by the judge in the plaintiff's action against the corporations and majority stockholders that no attorney-client relationship existed between the plaintiff and the defendants.[2] The defendants then filed a motion for judgment on the pleadings to which they attached the judge's decision on the motion to disqualify. The plaintiff argues that once the judge considered matters outside the pleadings, the motion should have been treated as one for summary judgment entitling him to notice and an opportunity to present further material to the court. Mass.R.Civ.P. 12(c), 365 Mass. 756 (1974). We perceive no error.

It was not necessary to treat the motion as one for summary judgment. A motion for judgment on the pleadings tests the legal sufficiency of the complaint. *Sampson* v. *Lynn*, 405 Mass. 29, 30 (1989). In considering the defendants' motion, the judge could properly take into consideration facts of which judicial notice may be taken. See *Jackson* v. *Longcope*, 394 Mass. 577, 580 n.2 (1985) ("It seems reasonable to take judicial notice of

---

[2]This ruling was made after the defendants filed their answer in this case.

facts when considering a motion to dismiss under Mass.R.Civ.P. 12[b][6]"). Here, the judge could properly take judicial notice of the court's own records in a related action. See *Brookline* v. *Goldstein*, 388 Mass. 443, 447 n.5 (1983). While the judge was required to accept as true all well-pleaded allegations of the plaintiff's complaint, *Sampson* v. *Lynn*, 405 Mass. at 30, he was not required to accept as true those "facts which the court could take judicial notice are not true." *Hargis Canneries, Inc.* v. *United States*, 60 F. Supp. 729, 729 (D.C. Ark. 1945). See 5A Wright & Miller, Federal Practice and Procedure § 1368, at 523-524 (1990 & Supp. 2000). In those circumstances, the judge did not err in treating the motion as one for judgment on the pleadings.

In any event, even if we were to assume that the judge erred in not treating it as a motion for summary judgment, as a practical matter, the plaintiff has not shown that he suffered any prejudice by the judge's failure to give notice as required by Mass.R.Civ.P. 56(c), 365 Mass. 824 (1974). *White* v. *Peabody Constr. Co.*, 386 Mass. 121, 128 (1982). The issue was one of law. The plaintiff was given an opportunity to oppose the motion both by written memorandum and oral argument. In those circumstances, any error in failing to give the required notice under rule 56 would have been harmless. *Ibid.*

2. *Issue preclusion.* In order for the moving party to successfully invoke the doctrine of issue preclusion, the moving party must show that the issue was "actually litigated"; determined by a "final judgment"; and was "essential to the judgment." *Cousineau* v. *Laramee*, 388 Mass. 859, 863 n.4 (1983). Restatement (Second) of Judgments § 27 (1982). The plaintiff argues that the defendants fail to meet all three prerequisites.

The plaintiff contends that the issue of his attorney-client relationship with the defendants was not actually litigated in his action against the majority stockholders and corporations because the matter was decided without an evidentiary hearing or actual jury trial. However, an evidentiary hearing or jury trial is not necessary for an issue to have preclusive effect if it was properly raised in the prior proceeding, was submitted for determination, and was actually determined. Restatement (Second) of Judgments § 27 comment d. See *Wright Mach. Corp.* v. *Seaman-Andwall Corp.*, 364 Mass. 683, 693 (1974) (an issue raised in a motion for summary judgment and determined therein precluded relitigation of the same issue in a subsequent

action between the same parties). Here, there is no question that the issue of the parties' relationship was squarely raised by the motion to disqualify. The parties submitted affidavits and memoranda and were given a nonevidentiary hearing. The issue was also determined by a reasoned opinion of the motion judge. In these circumstances, we conclude that the issue of the attorney-client relationship was actually litigated.

The plaintiff next argues that the determination of the issue did not have the level of finality sufficient to apply the doctrine of issue preclusion, in particular the absence of an appealable order or judgment. For purposes of issue preclusion, "final judgment" includes any prior adjudication of an issue in another action that is determined to be "sufficiently firm to be accorded conclusive effect." *Tausevich* v. *Board of Appeals of Stoughton*, 402 Mass. 146, 148-149 (1988), quoting from Restatement (Second) of Judgments § 13 (1982). The determination of "finality" depends upon a consideration of whether "the parties were fully heard, the judge's decision is supported by a reasoned opinion, and the earlier opinion was subject to review or was in fact reviewed." *Tausevich* v. *Board of Appeals of Stoughton*, 402 Mass. at 149. It is settled that the doctrine of issue preclusion may not be invoked unless there is available an "avenue for review of the prior ruling on the issue." *Sena* v. *Commonwealth*, 417 Mass. 250, 260 (1994). In this case, the judge's ruling denying the motion to disqualify was an interlocutory order capable of being reviewed only upon the entry of a final judgment or upon express authorization by a single justice allowing an appeal to the full court of an interlocutory ruling. *Masiello* v. *Perini Corp.*, 394 Mass. 842, 850 (1985). The defendants argue that, because the plaintiff had the option to request permission from the single justice to file an appeal of this interlocutory order and failed to do so, the judge correctly invoked the principles of issue preclusion. While there is no question that the plaintiff had the opportunity to do so, the likelihood of success of such a request was remote in light of the instruction in the *Masiello* decision that "that authority should be exercised sparingly and only in the most exceptional circumstances." *Ibid.* Cf. *Commonwealth* v. *Williams,* 431 Mass. 71, 76 (2000) (invocation of issue preclusion was not barred where Commonwealth failed to request permission to take an interlocutory appeal from the allowance of a motion to suppress under Mass.R.Crim.P. 15[a][2], 422 Mass. 1501 [1996], because

it was likely that permission to do so would have been granted). No extraordinary circumstances have been presented in this case which demonstrate the likelihood that interlocutory review would have been allowed. In light thereof, and in the absence of an appealable final judgment,[3] we conclude that the judge in this action should not have invoked the principles of issue preclusion to bar the action because there was no available avenue of review of the prior ruling on the issue of the parties' attorney-client relationship. See *Tausevich* v. *Board of Appeals of Stoughton*, 402 Mass. at 149 (no preclusive effect given to an order for partial summary judgment where there was no appealable judgment or order).

Finally, the plaintiff argues that the determination of an attorney-client relationship in the acquisition of Union Products was not essential to the judge's determination of the motion to disqualify.[4] This argument fails because the judge specifically found that the plaintiff had the burden of demonstrating an attorney-client relationship in the acquisition of the Union Products business in order to disqualify the defendants in that action. An issue may be deemed essential for purposes of issue preclusion even if it is not strictly essential to the final determination if it was the product of full litigation and careful decision. *Home Owners Fed. Sav. & Loan Assn.* v. *Northwestern Fire & Marine Ins. Co.*, 354 Mass. 448, 455 (1968). Here, the issue of the parties' relationship in the prior action met that standard.

In sum, the judgment is reversed and the action is remanded to the Superior Court for further proceedings.

*So ordered.*

---

[3] Subsequent to the judge's ruling on the motion to disqualify, the parties in that action settled their dispute and a stipulation of dismissal with prejudice was filed.

[4] The plaintiff also argues that the question of the parties' relationship is not identical in ruling on a motion to disqualify and in determining the plaintiff's right to recover on the claims presented in this action. While this argument is not without merit, we need not address the issue because of the result reached by us.