The plaintiff appeals from a judgment dismissing, pursuant to Mass.R.Civ.P. 12(b)(6), 365 Mass. 754 (1974), his complaint asserting violation of the Massachusetts prevailing wage statute, G. L. c. 149, § 27 (Wage Act), and for quantum meruit.[4] In essence, the plaintiff claims he was entitled to be paid according to a wage rate schedule requiring drawbridge operators be paid a prevailing hourly wage of $74.55 and that the defendants violated the Wage Act when they followed a subsequent opinion letter from the Department of Labor Standards (DLS). We affirm.
We review the denial of a motion to dismiss under rule 12(b)(6) to determine whether the factual allegations of the complaint are sufficient to plausibly suggest an entitlement to relief. See Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008). We accept as true the complaint's well-pleaded factual allegations and draw every reasonable inference in favor of the plaintiff. See Warner-Lambert Co. v. Execuquest Corp., 427 Mass. 46, 47 (1998). While the allegations of the complaint generally control in evaluating a motion under rule 12(b)(6), "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." Schaer v. Brandeis Univ., 432 Mass. 474, 477 (2000), quoting from 5A Wright & Miller, Federal Practice and Procedure § 1357, at 299 (1990). See Jarosz v. Palmer, 49 Mass. App. Ct. 834, 836 (2000) ; Lalchandani v. Roddy, 86 Mass. App. Ct. 819, 824 (2015).
Viewed through this legal framework, we summarize the allegations of the complaint (together with the documents to which it refers and the opinion letter of which the judge took judicial notice).[5] The plaintiff, a bridge tender (also known as a "drawbridge operator"), is employed by defendant Cora Operations, Inc. (Cora). Cora is a subcontractor to J.F. White-Skanska, Joint Venture, which serves as general contractor to the Massachusetts Department of Transportation (MassDOT) with respect to the Fore River bridge replacement project (project). In 2012, MassDOT issued a request for proposal (RFP) stating the project was subject to the Wage Act, and included a wage sheet produced by DLS. The wage sheet did not have a separate classification for drawbridge operators; accordingly, bridge tenders such as the plaintiff were paid at the lowest rate on the wage schedule, which is alleged to have been $19.47.[6] The complaint does not allege that Cora failed to follow the 2012 wage sheet in paying the plaintiff.
On August 20, 2013, DLS published a revised wage schedule for the project that included a "Drawbridge Operator" classification which carried an hourly wage of $74.55. Cora requested an opinion from DLS as to whether it was required to pay its bridge tenders the new higher wage. In response, DLS issued an opinion letter stating that Cora was required to follow the revised wage schedule. Cora complied.
Subsequently, on December 5, 2014, DLS issued another opinion letter (2014 DLS letter) in which it again addressed the wages for bridge tenders working on the project. DLS concluded that "[g]iven the unusual increase in the prevailing wage for the Drawbridge Operator classification, the impact on already-awarded contracts, and the 'understanding' of the parties in the private construction industry, the DLS determines that the Drawbridge Operator classification on the prevailing wage sheet is only effective for public works bid after the date of this letter. For contracts awarded prior to this date [such as the project], the bridge tender must be paid at the lowest rate on the applicable rate sheet." In accordance with the 2014 DLS letter, Cora subsequently reduced the plaintiff's wages to his previous hourly rate.
This suit followed in which, as we noted at the outset, the plaintiff asserts claims for violation of the Wage Act and quantum meruit against his employer. The claims are unusual in the sense that the defendants are not alleged to have deviated from the wage rates set by DLS as interpreted by it.[7] Instead, the claims rest on the plaintiff's contention that DLS can only set wages through wage schedules, not opinion letters, and accordingly the 2014 DLS letter did not relieve the defendants of their obligation to pay the plaintiff in accordance with the earlier wage schedule.[8] We are not persuaded. DLS is permitted to "make an advisory ruling with respect to the applicability to any person, property or state of facts of any statute or regulation enforced or administered by" it. G. L. c. 30A, § 8, inserted by St. 1954, c. 681, § 1. And we have previously held that DLS opinion letters, although not having "the same 'force of law' as a statute," Niles v. Huntington Controls, Inc., 92 Mass. App. Ct. 15, 21 (2017), are within the "Legislature's broad delegation to the commissioner of 'the details of how the prevailing wage law should be applied,' " id. at 22, quoting from Teamsters Joint Council No. 10 v. Director of the Dept. of Labor & Workforce Dev., 447 Mass. 100, 109 (2006).
Judgment affirmed.

The plaintiff makes no meaningful argument concerning the dismissal of his quantum meruit claim.

On appeal, the plaintiff does not meaningfully challenge the judge's decision to take judicial notice of the DLS letter, which was neither referenced in the complaint nor attached to it. Indeed, the plaintiff mentions the point only in passing at the end of his reply brief. "Any issue raised for the first time in an appellant's reply brief comes too late, and we do not consider it." Pasquale v. Casale, 72 Mass. App. Ct. 729, 738 (2008), quoting from Assessors of Boston v. Ogden Suffolk Downs, Inc., 398 Mass. 604, 608 n.3 (1986).

The lowest rate classification was called "tree trimmer groundman."

We have not found (nor has the plaintiff pointed us to) any case in which a Wage Act claim has been found to lie against an employer who pays its employees at the rate set by DLS.

The plaintiff's reliance on George v. National Water Main Cleaning Co., U.S. Dist. Ct., Civil Action No. 10-10289-DJC (D. Mass. Sept. 16, 2013), is misplaced. Unlike in that case, we are not presented here with a situation where an employer sought a post-hoc opinion letter from DLS after a Wage Act suit had already been filed.