NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

22-P-44                                            Appeals Court

WILHELMINA W.  vs.  URI U.

No. 22-P-44.

Bristol.      February 13, 2023. - May 24, 2023.

Present:  Meade, Desmond, & Hand, JJ.

Harassment Prevention.  Protective Order.  Indecent Assault and
    Battery.  Res Judicata.  Collateral Estoppel.  Practice,
    Civil, Presumptions and burden of proof, Waiver.

Complaint for protection from harassment filed in the New
Bedford Division of the District Court Department on October 5,
2021.

A hearing to extend the harassment prevention order was had
before Douglas J. Darnbrough, J.

Melissa Ramos for the defendant.

HAND, J.  In 2016, after the defendant was charged with

multiple counts of indecent assault and battery, at least one of

which was committed against the plaintiff's minor child, the

plaintiff sought and obtained a harassment prevention order in

the District Court on behalf of the child.  That order was based

exclusively on the defendant's alleged commission of the indecent assault and battery on the child; as we will discuss, that crime is one of a series of enumerated offenses defined as "harassment" by G. L. c. 258E, § 1 (enumerated offenses).[1]  The original order, as extended, lapsed in 2018.  The defendant was subsequently convicted and sentenced to a term of incarceration on the indecent assault and battery involving the plaintiff's child.

When, in 2021, the plaintiff learned that the defendant was likely to be released on parole, she sought and obtained a second harassment prevention order after notice against the defendant; that second order was based on the same harassment -- the indecent assault and battery on the plaintiff's child -- on which the 2016 order had been based.  The defendant appeals from the order issued at the 2021 hearing after notice.[2]

The defendant's appeal requires us to determine the standard of proof to which a plaintiff should be held where the plaintiff has obtained a harassment prevention order after notice on the basis of an enumerated offense, allowed the order

---

[1] The enumerated offenses are violations of G. L. c. 265, §§ 13B, 13F, 13H, 22, 22A, 23, 24, 24B, 26C, 43, and 43A, and G. L. c. 272, § 3.  G. L. c. 258E, § 1, inserted by St. 2010, c. 23 (definition of "harassment," subsection [ii]).

[2] The plaintiff did not file a brief and has not participated in this appeal.

to lapse, and then seeks to obtain a subsequent order after notice based on exactly the same conduct.[3] We conclude that in these circumstances, the judge may rely on collateral estoppel principles to preclude a defendant from relitigating the underlying harassment at issue in both the original order and the complaint for a subsequent order. Where the judge does so, a plaintiff need only prove, by a preponderance of the evidence, a need for protection from the impact of the harassment to justify the issuance of the subsequent order.

Background. On the record before us, the relevant background facts, including those summarized above, are not disputed. In 2016, the defendant was arraigned in the District Court on a total of three counts of indecent assault and battery on a child under age fourteen, G. L. c. 265, § 13B.[4] At least one of these charges was committed against the child at issue in this appeal. The defendant's conditions of pretrial release required him to stay away from and have no contact with the child.

---

[3] We leave for another day the determination of the standard that applies where a plaintiff's first order is vacated, rather than allowed to expire.

[4] The record, supplemented by our review of the trial court dockets, reflects that the defendant was charged in two separate criminal complaints. The two complaints are not part of our record but appear to have been joined for trial; the guilty verdicts on all three were entered on the same day.

In March 2016, the child's mother (the plaintiff here) obtained an ex parte harassment prevention order on behalf of the child and against the defendant based on the indecent assault and battery.[5]  After a hearing with notice to the defendant, a judge extended the order for one year, to March 2017 (first order).  The first order required the defendant to stay away from and have no contact with the child.  In March 2017, after a hearing with notice, the first order was extended for an additional year, to March 2018.[6]  At the scheduled hearing date in March 2018, however, neither party appeared, and the order expired.  See G. L. c. 258E, § 3 (d).  The plaintiff did not allege that the defendant ever violated the terms of his pretrial release or the terms of the first order.

In 2019, the defendant was convicted of all three indecent assault and battery charges at issue here.  The trial judge imposed consecutive sentences of two and one-half years on two of the counts, with a ten-year probationary sentence on the third one, running from the date of sentencing.  The conditions of probation required the defendant to stay away from and have no contact with the child.

---

[5] The plaintiff's affidavit detailed several instances of the defendant's indecent touching of her child.

[6] The order was also modified on the March 2017 hearing date.  Nothing turns on that modification.

In 2021, after learning that the defendant had been granted parole and was planning for release, the plaintiff returned to the District Court and obtained a new harassment prevention order on behalf of the child on an ex parte basis (second order). In doing so, the plaintiff relied solely on the same conduct underpinning the first order; she did not allege that the defendant had violated the terms of his probation or engaged in any additional misconduct.[7] At the hearing after notice, the defendant appeared with counsel and opposed the plaintiff's request for an extension of the second order. The defendant did not deny the fact of his conviction of indecent assault and battery on the child, but argued, through counsel, that (1) the stay away and no contact requirements the plaintiff sought through a second order duplicated his conditions of probation and parole, and therefore were unnecessary, and (2) where the plaintiff had allowed the first order to lapse, she should be precluded from seeking a second order, absent evidence of new harassment. After the hearing, the judge extended the second order for one year.

Discussion. In this appeal, the defendant urges us to create a rule requiring that a plaintiff must show "good cause"

---

[7] The plaintiff's affidavit stated, in its entirety, "[The defendant] sexually assaulted my daughter. He was approved for parole and may be getting released soon."

for the issuance of a subsequent order, applicable to the limited category of cases in which a plaintiff (1) seeks and obtains a harassment prevention order against a given defendant based on the defendant's commission of a crime included in the statutory definition of "harassment," see G. L. c. 258E, § 1; (2) allows the order to expire; and (3) subsequently seeks another harassment prevention order based solely on the same crime.[8] As reasons for the imposition of a new standard, the defendant argues the need for "safeguards" against a plaintiff's misuse of the process to obtain successive orders against a given defendant and potential defendants' need for "finality" absent any new harassing conduct. We decline the defendant's invitation.[9]

1. Appellate standard of review. Our review of the order at issue is "for an abuse of discretion or other error of law." Yasmin Y. v. Queshon Q., 101 Mass. App. Ct. 252, 256 (2022), quoting Vera V. v. Seymour S., 98 Mass. App. Ct. 315, 318 (2020). To determine whether the judge acted within his

---

[8] We understand the defendant to argue that this showing should be required in addition to the plaintiff's burden to prove that he or she is "suffering from harassment." G. L. c. 258E, § 3.

[9] In doing so, we put aside the question whether the defendant's argument would properly be addressed to the Legislature, rather than the courts.

discretion, we must determine the appropriate burden of proof on the plaintiff in the circumstances of this case.

2. Plaintiff's burden in seeking second order. We begin with the observation that, generally, a plaintiff seeking a harassment prevention order bears the burden of proving by a preponderance of the evidence that the plaintiff (or, as in this case, the person on whose behalf the plaintiff files the complaint) is "suffering from harassment," F.A.P. v. J.E.S., 87 Mass. App. Ct. 595, 598 (2015), quoting G. L. c. 258E, § 3, and that "an order [i]s necessary to protect her from the impact of that [harassment]," Vera V., 98 Mass. App. Ct. at 319, quoting Yahna Y. v. Sylvester S., 97 Mass. App. Ct. 184, 186-187 (2020). See Tom T. v. Lewis L., 97 Mass. App. Ct. 698, 700 (2020) ("both this court and the Supreme Judicial Court have applied essentially the same analysis for abuse prevention orders issued pursuant to c. 209A and harassment prevention orders issued pursuant to c. 258E since c. 258E was enacted, except in instances where the language of the statutes themselves [requires a different result]"). "Harassment" is defined for these purposes in two alternative ways. See F.A.P., supra at 599, citing G. L. c. 258E, § 1. As relevant here, "a plaintiff can prove ['harassment' by demonstrating] that a defendant committed any of twelve specifically enumerated sex crimes" against the plaintiff (or here, the plaintiff's minor child),

including indecent assault and battery on a child, G. L. c. 265, § 13B.  F.A.P., supra.

As we recently held in Yasmin Y., the same showing is required where a plaintiff seeks an extension of a harassment prevention order issued after notice, based on the defendant's commission of one of the enumerated offenses against the plaintiff.  Yasmin Y., 101 Mass. App. Ct. at 257.  "[T]he judge should extend a harassment prevention order where the plaintiff has suffered from a past sex offense delineated in G. L. c. 258E, § 1, and the order is necessary to protect her from the impact of that past sex offense."  Id.  In that circumstance, "the plaintiff is not required to re-establish facts sufficient to support that initial grant of an . . . order."  Id. at 258, quoting Vittone v. Clairmont, 64 Mass. App. Ct. 479, 485 (2005).

We see no reasoned basis to require a more stringent showing here.  First, we note that nothing in the statute suggests that a heightened burden of proof applies where a plaintiff whose harassment prevention order against a given defendant has lapsed later seeks a new order against that defendant.[10]  See Commonwealth v. Rossetti, 489 Mass. 589, 593

_____

[10] The defendant's argument acknowledges, as it must, that there is no per se prohibition on a plaintiff's seeking more than one harassment prevention order against the same defendant. See Guidelines for Judicial Practice:  Abuse Prevention Proceedings § 3:08 commentary (rev. October 2021) ("judges and court staff should make sure that plaintiffs are aware that they

(2022), quoting Commonwealth v. Newberry, 483 Mass. 186, 192 (2019) ("[T]he language of the statute . . . is 'the principal source of insight' into the intent of the Legislature").

Second, where a plaintiff has already obtained a harassment prevention order after notice based on the defendant's commission of an enumerated offense and seeks a subsequent order on the same ground, we are guided by principles of res judicata (and specifically, issue preclusion, whether under that title or as "collateral estoppel," Jarosz v. Palmer, 436 Mass. 526, 530 n.3 [2002]), which mitigate against the defendant's ability to relitigate the fact of the defendant's harassment. See Bar Counsel v. Board of Bar Overseers, 420 Mass. 6, 9 (1995).

"The doctrine of issue preclusion provides that when an issue has been 'actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties whether on the same or different claim.'" Mullins v. Corcoran, 488 Mass. 275, 281 (2021), quoting Jarosz, 436 Mass. at 530-531. In a case like the one before us, the

_____

are not precluded from returning to court to seek an order of protection" even where the plaintiffs have allowed previous orders to lapse). See also F.A.P., 87 Mass. App. Ct. at 601 n.14 ("we see no reason why the Guidelines for Judicial Practice: Abuse Prevention Proceedings should not apply equally in harassment order proceedings, absent some issue particular to harassment orders").

determination at a prior hearing after notice that the defendant committed one of the enumerated offenses against the plaintiff's child provides the necessary showing of "a valid and final judgment."  See Tausevich v. Board of Appeals of Stoughton, 402 Mass. 146, 149 (1988) (prior adjudication is "final judgment" where "the parties were fully heard, the judge's decision is supported by a reasoned opinion, and earlier opinion was subject to review").  It is self-evident that the determination that the defendant "harassed" the plaintiff's child is "essential to the judgment," and that the claims in the first and subsequent orders were identical (citation omitted).  Mullins, 488 Mass. at 282.  Provided the judge concludes that applying the issue preclusion doctrine is "fair," Bar Counsel, 420 Mass. at 11, a determination which would optimally, but not necessarily, be made explicitly on the record, see Mullins, supra at 287, citing Bar Counsel, supra, the plaintiff need not relitigate the fact of the harassment when seeking a subsequent order based on exactly the same harassment on which the prior order was based.[11]

---

[11] We emphasize that our holding applies where a plaintiff seeks a subsequent order based on exactly the same harassment that was the basis of an earlier order.  We likewise underscore that a judge's assessment of the fairness of applying collateral estoppel in the context of a harassment prevention order must take into account the fact that "[t]he law [is] intended to protect victims of 'harassment,' as that term is defined by G. L. c. 258E § 1."  J.S.H. v. J.S., 91 Mass. App. Ct. 107, 109 (2017).  We do not suggest that a judge must or should apply collateral estoppel as a basis to deny an order in these

To the extent the defendant argues that the plaintiff's entitlement to an order in the circumstances here requires no more than the plaintiff's ability to prove, by a preponderance of the evidence, that the defendant committed[12] an indecent

---

circumstances, as the application of the principles of collateral estoppel, in the context of a harassment prevention order, is a matter of the exercise of the judge's sound discretion.  Likewise, where a plaintiff's complaint for an order is denied based on his or her failure to produce sufficient evidence of harassment, principles of collateral estoppel would not preclude a judge from issuing an order to the same plaintiff against the same defendant if the plaintiff later met his or her burden of proof with more or different evidence.  See G.B. v. C.A., 94 Mass. App. Ct. 389, 398 (2018) (in context of abuse prevention order, collateral estoppel did not preclude judge from issuing order because, inter alia, [1] record did not show issues in prior complaints "were identical to those in this case and therefore actually litigated," and [2] complaints "recited both historical and new incidents involving the defendant").

[12] The defendant speaks in terms of a defendant's "conviction" of an enumerated offense.  As we note above, however, a plaintiff is only required to prove that a defendant "committed" one of the enumerated offenses to be entitled to issuance of a harassment prevention order on the basis of the enumerated offense definition of harassment.  Accordingly, although the defendant here was actually convicted of the sex offense at issue, that will not always be the case.  See, e.g., Yasmin Y., 101 Mass. App. Ct. at 253 (harassment prevention order based on plaintiff's testimony that defendant committed indecent assault and battery against her); A.P. v. M.T., 92 Mass. App. Ct. 156, 163 (2017) (harassment prevention order based on mother's testimony that defendant committed indecent assault and battery against child); F.A.P., 87 Mass. App. Ct. at 596 (harassment prevention order based on "allegations," supported by mother's testimony, that defendant had digitally raped child).

assault and battery on the plaintiff's child, he is mistaken.[13]
Even where the plaintiff has established the defendant's past
harassment, the plaintiff must prove an ongoing need for
protection from the impact of the harassment.[14]  See Yasmin Y.,
101 Mass. App. Ct. at 257, quoting Callahan v. Callahan, 85
Mass. App. Ct. 369, 374 (2014) ("[T]he judge must make a
discerning appraisal of the [plaintiff's] continued need for
[protection] from the impact of the violence already
inflicted").  For these reasons, we are not persuaded by the
defendant's argument that a higher standard of proof is required
to protect those in the defendant's shoes from a plaintiff's
misuse or abuse of G. L. c. 258E.[15]

---

[13] We reject the defendant's argument that the order at
issue was unnecessary in light of the defendant's conditions of
probation and parole requiring him to stay away from and have no
contact with the child.  See Vera V., 98 Mass. App. Ct. at 319
(conditions of release, "even if they encompass the same
conditions as an abuse prevention order, are no substitute for
an abuse prevention order"); Tom T., 97 Mass. App. Ct. at 700.

[14] Because, as we discuss infra, we conclude the defendant's
challenge to the sufficiency of the plaintiff's evidence was
waived in this case, we do not address the particular showing of
need made in this case.

[15] Indeed, we consider such an argument to be on shaky
ground in the first place, given that (1) G. L. c. 258E was
enacted to protect the victims of harassment, not the
perpetrators; and (2) there is a qualitative difference in the
perpetrator's interest in "repose" and freedom from "vexatious
litigation" and the interests of the victim of any of the
enumerated offenses.  For the purposes of this appeal, however,
we put those considerations aside.

3.  Defendant's remaining arguments.  At the hearing after notice, the judge heard brief testimony from the plaintiff, then heard argument from defendant's counsel.  At the conclusion of that argument, the judge asked defense counsel if there was "[a]nything else you'd like to tell me?"  Counsel responded, "Not at this time, Your Honor."  Where the defendant was given an opportunity to be heard further and declined the offer, his argument that he was not afforded a full evidentiary hearing on the plaintiff's complaint for an order after notice was waived.  See Commonwealth v. Gill, 37 Mass. App. Ct. 457, 464 n.5 (1994).  The defendant's remaining arguments -- that the order was barred by the doctrine of laches, and that public policy prohibited the issuance of the order -- were not raised before the judge and so are also waived.  See Diaz v. Gomez, 82 Mass. App. Ct. 55, 63 (2012) ("through failure to raise this claim in the trial court, the defendant has waived any due process objection to the procedure followed by the judge").  We do not consider them.

Conclusion.  Where a plaintiff against whom the defendant has committed one of the offenses included in the statutory definition of "harassment," G. L. c. 258E, § 1, or who brings a complaint on behalf of another person on that basis, obtains a harassment prevention order after notice on that ground against the defendant, but later allows the order to lapse, the plaintiff may seek subsequent harassment prevention orders

against the same defendant, based on the same conduct.  If the plaintiff does so, the judge may rely on collateral estoppel principles to preclude the defendant from relitigating the underlying harassment at issue in both the original order and the complaint for a subsequent order.  Where the judge does so, the plaintiff need only prove, by a preponderance of the evidence, a need for protection from the impact of the harassment to justify the issuance of the subsequent order.  The order dated November 5, 2021, extending the harassment prevention order, is affirmed.

So ordered.