NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-943

FIRST HORIZON BANK

vs.

JULIANN O'DONNELL & others.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

This suit concerns the ownership and occupancy of the property at 1 Whitcomb Way, North Reading, Massachusetts (property).  Plaintiff First Horizon Bank (bank) purchased the property at a foreclosure sale.  The bank filed a summary process complaint in the Housing Court seeking possession of the property from defendant Juliann O'Donnell (resident), who lived in the house.[2]  The parties filed cross motions for summary judgment.  A judge of the Housing Court concluded that claim preclusion applied and ruled in favor of the bank on the issue of ownership.  After a bench trial, a second judge of the

_____

[1] Brian O'Donnell, Margaret O'Donnell, and Robert O'Donnell.

[2] Only Juliann O'Donnell appeals.

Housing Court awarded the bank use and occupancy fees as well as costs.  Judgment entered in favor of the bank.  The resident appealed.  Because we conclude that claim preclusion does not apply, we vacate the judgment.

"We review a decision on a motion for summary judgment de novo."  Conservation Comm'n of Norton v. Pesa, 488 Mass. 325, 330 (2021) (Pesa).  "Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law."  Barbetti v. Stempniewicz, 490 Mass. 98, 107 (2022), quoting Pesa, supra; Mass. R. Civ. P. 56 (c), as amended, 436 Mass. 1404 (2002).  "Because the parties filed cross motions for summary judgment, we view the evidence in the light most favorable to the party against whom summary judgment was entered," here, the resident.  Pesa, supra.

"The doctrine of claim preclusion makes a valid, final judgment conclusive on the parties and their privies, and bars further litigation of all matters that were or should have been adjudicated in the action."  Heacock v. Heacock, 402 Mass 21, 23 (1988).  "The invocation of claim preclusion requires three elements: '(1) the identity or privity of the parties to the present and prior actions, (2) identity of the cause of action, and (3) prior final judgment on the merits.'"  Kobrin v. Board

of Registration in Med., 444 Mass. 837, 843 (2005), quoting DaLuz v. Department of Correction, 434 Mass. 40, 45 (2001). "A determination is considered final when 'the parties were fully heard, the judge's decision is supported by a reasoned opinion, and the earlier opinion was subject to review or was in fact reviewed.'" Jarosz v. Palmer, 436 Mass. 526, 533-534 (2002), quoting Tausevich v. Board of Appeals of Stoughton, 402 Mass. 146, 149 (1988).

The parties agree that elements one and two are satisfied, as do we. We focus on the third: whether a prior Superior Court case between the resident and the bank's predecessor in interest concluded with a final judgment on the merits.

In the Superior Court case, the resident and her former husband challenged the validity of a mortgage assignment, sought to enjoin a foreclosure sale, and asserted violations of the consumer protection statute, G. L. c. 93A. Ruling on a motion for judgment on the pleadings, a judge of the Superior Court concluded that the bank's predecessor validly held the mortgage and had complied with its statutory foreclosure obligations. This ruling left only the c. 93A claim; docket entries reflect that the parties continued to litigate this claim for approximately two months. By agreement of the parties, the resident's claims were then voluntarily dismissed without

3

prejudice, while her former husband settled his c. 93A claim and it was dismissed with prejudice.

"Massachusetts Rules of Civil Procedure 54 (b), 365 Mass. 820 (1974), allows the entry of judgment on fewer than all claims 'only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.'" New England Canteen Service, Inc. v. Ashley, 372 Mass. 671, 677 (1977). Here, the Superior Court judge adjudicated some, but not all, of the resident's claims; he made no express determination under rule 54 (b). The resident's later voluntary dismissal of all her claims was without prejudice, with the assent of the bank's predecessor. "[A] judgment will not operate as [claim preclusion] in another action involving the same parties and claims if it is based on grounds usually raised in abatement, such as . . . dismissal without prejudice." Wright Mach. Corp. v. Seaman-Andwall Corp., 364 Mass. 683, 693-694 (1974).

Although a review of the case history leaves one with an impression of claim preclusion, on close inspection we conclude that its requirements were not met. There was no final judgment on the merits, so it was error for the Housing Court judge to allow summary judgment based on claim preclusion.

4

The judgment dated July 2, 2024, entered against Juliann O'Donnell is vacated, and the case is remanded for further proceedings consistent with this memorandum and order.[3]

<u>So ordered</u>.

By the Court (Shin, Grant & Hershfang, JJ.[4]),

Clerk

Entered:  October 7, 2025.

---

[3] Given our decision, we need not reach the parties' alternative arguments regarding the judgment.

[4] The panelists are listed in order of seniority

5