DOMINIC DETORE *vs.* DEMERS BROS., INC.

SAME *vs.* JOHN H. McKINSTERY.

Worcester.    September 21, 1942. — December 21, 1942.

Present: FIELD, C.J., DONAHUE, DOLAN, COX, & RONAN, JJ.

*Res Judicata. Parent and Child. Minor. Damages,* Consequential. *Evidence,* Presumptions and burden of proof. *Practice, Civil,* Exceptions: construction of bill. *Pleading, Civil,* Motion to dismiss.

A general finding and a judgment for the defendant in an action by a minor for personal injuries did not bar a later action by his father against the same defendant for consequential damages arising from the son's injuries.

The mere fact that a minor claimed damages for medical expenses and for loss of earning capacity in an action by him for personal injuries did not preclude his father from maintaining an action against the same defendant upon such claims.

That an operator of a motor vehicle of another was not driving as the owner's agent must be held to be established upon a bill of exceptions stating that "it appeared" at the hearing of the action that he was not.

A motion to dismiss an action was not a proper pleading to raise the issue that the action was barred on the ground of res judicata, since that was not a matter of law apparent on the record.

TWO ACTIONS OF TORT. Writs in the Central District Court of Worcester dated March 24, 1942.

Upon removal to the Superior Court, the actions were tried before *Dillon,* J.

*J. P. Dexter & P. C. Hanna,* for the plaintiff, submitted a brief.

*S. B. Milton (R. C. Milton* with him,) for the defendants.

RONAN, J. These are two actions of tort, brought by the plaintiff to recover consequential damages on account of personal injuries sustained by his minor son when an automobile, in which the son was travelling, was struck by an automobile owned by the corporate defendant and operated by the individual defendant, its alleged employee, who was acting within the scope of his employment. The defendant in each action filed a motion to dismiss and a "plea in abatement" based upon the same grounds which,

in substance, were that the said minor through his father as next friend brought an action in a District Court against McKinstery arising out of the same accident for which the plaintiff now claims consequential damages, and that after a trial of the minor's action the judge made a finding for the defendant. The pleas in abatement were sustained and the motions to dismiss were allowed, subject to the exceptions of the plaintiff.

The plaintiff's exceptions, which were saved at the time the judge made his decision, present the question whether the findings for the defendants can be supported by any rational view of the evidence with all the inferences that may be reasonably drawn therefrom. These findings must stand if there is any evidence to support them. *Kennedy Bros. Inc.* v. *Bird,* 287 Mass. 477. *Massachusetts Lubricant Corp.* v. *Socony-Vacuum Oil Co. Inc.* 305 Mass. 269.

We first consider the pleas in abatement, so called, which in fact were answers setting up res judicata as a bar to the maintenance of the present actions and are to be treated as such in accordance with their true nature. *Gallo* v. *Foley,* 299 Mass. 1. *Charles I. Hosmer, Inc.* v. *Commonwealth,* 302 Mass. 495.

All the material evidence consisted of the pleadings, the finding, execution, and a copy of the docket in the case brought by the minor, and also evidence that McKinstery was not acting as agent of the defendant corporation at the time of the accident. The minor, as shown by the declaration filed in his case, claimed damages for personal injuries, medical expenses and impairment of earning capacity. The judge in that case made a general finding for the defendant. The father, however, was not bound by the judgment entered in the son's case irrespective of the grounds upon which it was based. The father is seeking to recover for his own personal loss resulting from injuries to his minor child. The action by the child was for damages to him. A final judgment in the action by the child, whether in favor of or adverse to the child, would not bar the father in a subsequent action from recovering whatever damages resulted to him on account of the said injuries. The father,

however, cannot recover in any action which he may bring unless he shows that his son had a cause of action against the defendant, for liability of the defendant to the father rests upon the same basis as does liability to the son. The judgment in the minor's case did not adjudicate any of the issues presented in these present actions and does not preclude the father from prosecuting them. *Dennis* v. *Clark*, 2 Cush. 347. *Wilton* v. *Middlesex Railroad*, 125 Mass. 130. *Duffee* v. *Boston Elevated Railway*, 191 Mass. 563. *Keating* v. *Boston Elevated Railway*, 209 Mass. 278. *King* v. *Viscoloid Co.* 219 Mass. 420. *McGreevey* v. *Boston Elevated Railway*, 232 Mass. 347. *Slavinsky* v. *National Bottling Torah Co.* 267 Mass. 319. *Thibeault* v. *Poole*, 283 Mass. 480. *Sciaraffa* v. *Debler*, 304 Mass. 240.

The defendants contend that the fact that the minor claimed damages for medical expenses and loss of earning capacity in his action warranted the finding that the son and not the father owned the claims for such damages. It is doubtful if such a contention is open upon these so called pleas, but the mere fact that the minor made such a claim does not, upon this record, bar the father from establishing in his own right the damages that he sustained and which arose out of the minor's injury. There is nothing to show that the minor secured medical treatment upon his own credit or that he was entitled to his earnings. It has long been recognized at common law that the father has a duty to support and care for his minor children in sickness and in health, and that the minor children are under an obligation to assist him by the rendition of such services as they are capable of rendering, and, if employed by others, to turn over their wages to him. In the absence of any evidence to the contrary the father has presumably assumed the burden of supplying the son with medical aid and was entitled to his wages. *Hoyt* v. *Casey*, 114 Mass. 397. *Horgan* v. *Pacific Mills*, 158 Mass. 402. *Tornroos* v. *R. H. White Co.* 220 Mass. 336. *Freeman's Case*, 233 Mass. 287. *Cammick's Case*, 259 Mass. 209. *Correia's Case*, 275 Mass. 340. *Luster* v. *Luster*, 299 Mass. 480. *Sciaraffa* v. *Debler*, 304 Mass. 240.

An employer, when sued for damages for injuries caused by his employee, may set up in defence that, in an action brought by the injured person against the employee to recover damages for the same injury, a judgment was entered for the employee on the ground that he was not negligent. *Giedrewicz* v. *Donovan*, 277 Mass. 563. *Karcher* v. *Burbank*, 303 Mass. 303. The relationship between the defendants apparently became an issue at the hearing on the pleas. The bill of exceptions states that "it appeared" at the hearing that McKinstery was not the agent of the corporation. We interpret that to mean that the evidence "tended to show" the want of agency, *Bingham* v. *Boston*, 161 Mass. 3, 7, or to mean that this fact was undisputed. *Neal* v. *Scherber*, 207 Mass. 323, 325. *Leshefsky* v. *American Employers' Ins. Co.* 293 Mass. 164. Consequently, that fact must be held to have been established after a full hearing upon this issue of fact in which the plaintiff participated without objection. If McKinstery was not acting as the agent or employee of the corporation at the time of the accident, then the plaintiff had no cause of action against the corporation. *Charles I. Hosmer, Inc.* v. *Commonwealth*, 302 Mass. 495. *Kelley* v. *American Sugar Refining Co.* 311 Mass. 617.

The grounds upon which the motions to dismiss were based were not matters of law apparent on the record and these motions should have been dismissed. *Adams* v. *Richardson*, 268 Mass. 78. *Johnson* v. *Johnson*, 303 Mass. 204. *Zwick* v. *Goldberg*, 304 Mass. 66. *Chandler* v. *Dunlop*, 311 Mass. 1.

It follows that the exceptions to the allowance of the motions to dismiss must be sustained; the exceptions to the so called plea in the case of McKinstery must be sustained, and those in the case against the corporation must be overruled.

*So ordered.*