DOMINIC DETORE *vs*. JOHN H. McKINSTERY.

Worcester. September 22, 1947. — December 31, 1947.

Present: QUA, C.J., LUMMUS, DOLAN, RONAN, & WILKINS, JJ.

*Estoppel. Waiver. Damages*, Consequential. *Parent and Child.*

A father, by causing to be brought in the name of his minor son by himself as next friend an action in which the son claimed damages for medical expenses and loss of earning capacity arising from personal injuries sustained by the son, and by causing the action to be tried and evidence in support of such claim to be introduced, without purporting to reserve to himself any cause of action of his own for such damages, was precluded from maintaining a subsequent action by himself to recover the same damages from the same defendant, regardless of the outcome of the earlier action.

TORT. Writ in the Central District Court of Worcester dated March 24, 1942.

After removal to the Superior Court, trial, and the sustaining of exceptions by this court in a decision reported in 312 Mass. 531, there was a second trial before *Buttrick, J.*

P. C. *Hanna*, for the plaintiff.

S. B. *Milton*, (R. C. *Milton* with him,) for the defendant.

WILKINS, J.  This is an action of tort by the father of Alfred C. Detore, a minor, for consequential damages arising out of a collision between an automobile operated by the son and another operated by the defendant.  In a previous action brought in a District Court in the name of the son by his father as next friend against the defendant, there was a judgment for the defendant.  Later this action was begun in the District Court and was removed to the Superior Court, where, after a trial on the defendant's plea in abatement, which, we held, was in fact an answer setting up res judicata as a bar (*Detore* v. *Demers Bros. Inc.* 312 Mass. 531, 532), the judge found for the defendant.  In this court the plaintiff's exceptions were sustained.  *Detore* v. *Demers Bros. Inc.* 312 Mass. 531.  The case was retried in the Superior Court.  After a verdict for the plaintiff under leave reserved, the judge allowed a motion to enter a verdict for the defendant, and the plaintiff excepted.

The defendant contends that the plaintiff is estopped to assert ownership of the claim for consequential damages. This precise point was not brought forward, considered, or decided in *Detore* v. *McKinstery*, 312 Mass. 531.  That decision may be laid to one side.  *Vigeant* v. *Postal Telegraph Cable Co.* 260 Mass. 335, 343–344.  *Cabot* v. *Commissioner of Corporations & Taxation*, 267 Mass. 338, 339. See *Henderson* v. *Mayor of Medford*, 321 Mass. 732, 735.

By his declaration in the District Court case the son sought substantially the same damages for medical expenses and loss of earning power which the father seeks in the case at bar.  The present record discloses that the father caused the first action to be brought, and employed the attorney;  and further discloses, as facts not shown by the former record, that the father was present in the District Court when the case was tried, heard the son testify as to his earning capacity and his inability to work, and heard evidence as to the amounts of the hospital and medical bills;  that in that action he wanted to get back some of the money he had paid for his son;  and that he hoped to win.  In the present case it is undisputed that at the time of the accident the son was nineteen years of age, lived with

his parents, and the following week was graduated from a trade school, and that all the bills were paid by the plaintiff and not by the son.

In these circumstances, the father cannot retry the case on the merits in a new action brought by him individually. It matters little whether the reason be characterized as an estoppel, or as a waiver or relinquishment of the father's right to claim the damages himself, or as an emancipation of the son pro tanto (see *Abbott* v. *Converse*, 4 Allen, 530, 533). That the earlier action proved unsuccessful is immaterial. The father by bringing the action as next friend of his son and causing it to be tried and the evidence above described to be introduced, with no suggestion of any reservation of any possible action of his own, if he had such cause of action, represented to the court and to the defendant that as between the son and himself the son was entitled to the damages claimed.

The precise question seems to be presented to this court for the first time. Compare *Wilton* v. *Middlesex Railroad*, 125 Mass. 130; *Boston* v. *Nielsen*, 305 Mass. 429, 433. But the position we take has the practically unanimous support of authority elsewhere. *Hazeltine* v. *Johnson*, 92 Fed. (2d) 866, 869 (C. C. A. 9). *Kenure* v. *Brainerd & Armstrong Co.* 88 Conn. 265, 267–268. *Shiels* v. *Audette*, 119 Conn. 75, 77. *Bowring* v. *Wilmington Malleable Iron Co.* 6 Pennewill (Del.) 332, 342. *Chicago Screw Co.* v. *Weiss*, 203 Ill. 536, 541. *Orr* v. *Wahlfeld Manuf. Co.* 179 Ill. App. 235, 237. *Abeles* v. *Bransfield*, 19 Kans. 16, 21. *Chesapeake & Ohio Railway* v. *Davis*, 119 Ky. 641, 646. *Kentucky Service Co.* v. *Miracle*, 246 Ky. 797, 799, 800. *Baker* v. *Flint & Pere Marquette Railroad*, 91 Mich. 298, 306. *Brookhaven Lumber & Manuf. Co.* v. *Adams*, 132 Miss. 689, 697. *Scanlon* v. *Kansas City*, 325 Mo. 125, 139–140. *Zongker* v. *People's Union Mercantile Co.* 110 Mo. App. 382, 389–390. *Revel* v. *Pruitt*, 42 Okla. 696, 700. *Hammer* v. *Caine*, 47 Wash. 672, 673. Many of the cases are collected in 37 A. L. R. 65 et seq. See Freeman, Judgments (5th ed.) § 481; Sedgwick, Damages (9th ed.) § 486b. While it could be said, with respect to the foregoing authorities, that in the *Bowring*

case alone was the first action determined in favor of the defendant, nevertheless, in view of the reasons underlying the rule, the outcome of the earlier action must be regarded as a factor of no significance. See *Ruocco* v. *Logiocco*, 104 Conn. 585, 594, 595.

*Exceptions overruled.*