# RESCRIPT OPINIONS.

WILLIAM RUDOW *vs.* ALBERT FOGEL (and a companion case). January 6, 1978. This is a consolidated appeal from two actions which were tried together in the Superior Court. Fogel is the defendant in the above captioned case, and the plaintiff in the companion case. Fogel's motions for summary judgment in both actions were allowed and judgments entered accordingly. 1. The only issue presented by the first case on appeal is whether a prior adjudication, in which Fogel was the plaintiff, is a bar to the instant action. The earlier case, brought in 1963 in a District Court, was an action of ejectment by Fogel against the present plaintiff's father (Marvin). One of Marvin's principal defenses in the earlier action was that Fogel did not have good title because the conveyance to him (from Marvin's wife) was invalid because the grantor held the premises in trust for the benefit of their son, William (the plaintiff in the instant action). That contention was decided adversely to Marvin, and the instant case is argued on the footing that that case went to judgment. It is this issue which is the basis of the present claim. The only difference is that William is now the plaintiff, although his father is bringing the action as his next friend. It was error for the Superior Court judge to allow Fogel's motion for summary judgment. Although the parties may have treated the resolution of the trust issue as essential and necessary for the decision (see *Cambria* v. *Jeffery,* 307 Mass. 49, 50 [1940]) and fully litigated it at that time, we do not believe that William, who was not a party to the first action, should be barred from litigating that issue. See Restatement (Second) of Judgments § 80 & Comment b, Illustration 2 (Tent. Draft No. 2, 1975) (hereafter "Judgments"). William had no control of the defense in the first action brought by Fogel (see Judgments § 83; contrast *Weld* v. *Clarke,* 209 Mass. 9, 12 [1911]), and his father did not purport to represent him in that proceeding. *Massa* v. *Stone,* 346 Mass. 67, 73 (1963). See *Pioneer Insulation & Modernizing Corp.* v. *Lynn,* 331 Mass. 560, 563-564 (1954). See also Judgments § 85. The case of *Detore* v. *McKinstery,* 322 Mass. 190 (1947), is inapposite. In that case a father who brought an action in the name of his minor son and did not prevail was barred from relitigating the same issue in a subsequent action brought in his own name; it does not follow that a minor son should be barred from bringing his own action and held to the result reached in prior litigation brought by his parent when it appears he had no involvement in that earlier action. Compare *Detore, supra* at 191-192, with Judgments § 80, Comment b, Illustration 1. 2. Marvin Rudow, the defendant in the companion case, asserts on his appeal that even though he did not record his claim to curtesy as required by G. L. c. 189, § 16 (inserted by St. 1959, c. 68, § 1), his tenancy by curtesy in the premises still exists. The language of the statute is clear and unambiguous. It states with no uncertainty and

in absolute terms that "unless ... the spouse has recorded ... a notice ... that ... curtesy may be claimed," the spouse is estopped from making "any claim." As it is not contested that Marvin did not record his claim, he cannot prevail on this issue. Cf. *Dana* v. *Dana*, 226 Mass. 297, 299 (1917). Marvin's position is not improved by his argument that, as Fogel was fully aware of his claim to curtesy, recording it would have served no purpose with respect to him (Fogel). That contention is of no consequence in the face of the clear language of the statute. Cf. *Opinion of the Justices*, 337 Mass. 786, 792-795 (1958). Our disposition of the curtesy issue makes it unnecessary for us to consider the questions raised relative to G. L. c. 189, § 1 (prior to its rewriting by St. 1965, c. 165, § 1). Nor do we pause to consider the issue of res judicata raised in Marvin's answer. As he has not argued it in his brief, it is deemed waived. See Mass.R.Civ.P. 16 (a) (4), as amended, 367 Mass. 921 (1975). Accordingly, the judgment in No. 20545 is reversed, and the case remanded to the Superior Court for further proceedings consistent with this opinion. The judgment in No. 2352 is affirmed.

*So ordered.*

*James T. Ronan* (*John D. Healy* with him) for William Rudow & another.

*Edward DeFrancheschi* for Albert Fogel.