JOHN BATEMAN & another[1] *vs.* CONSOLIDATED RAIL CORPORATION. No. 96-P-1116. September 3, 1998. *Practice, Civil,* Amendment, Complaint, Notice of appeal.

The plaintiff, John Bateman, was a police officer employed by Consolidated Rail Corporation (Conrail) at its Framingham railroad yard. On June 11, 1991, while monitoring traffic there, he was struck and injured by a motor vehicle operated by Frank W. Generazio, Jr. The plaintiff and his wife commenced this negligence action against Generazio on November 27, 1992. Subsequently, with leave of the court, the plaintiffs amended their complaint twice to add six other defendants, but not Conrail. On October 24, 1995, all the previously named defendants moved for approval of a settlement reached with the plaintiffs and for entry of a separate and final judgment, and the plaintiffs moved, without following the prescribed procedure of giving notice to Conrail, see *Srebnick* v. *Lo-Law Transit Mgmt., Inc.*, 29 Mass. App. Ct. 45, 51 (1990), to amend their complaint to add Conrail as a party, alleging negligence in maintaining the workplace. Because there was no notice and thus no opposition, a Superior Court judge initially allowed the motion to amend. Upon reconsideration, however, the judge reversed herself and, on December 27,

---

[1]Pamela Bateman brings a claim for loss of consortium.

1995, denied the motion to amend, without findings. On February 27, 1996, the case having been reported settled, a dismissal nisi was entered, and, no agreement for judgment or stipulation having been filed as to the remaining settled claims, a judgment of dismissal was entered on April 29, 1996. On May 23, 1996, the plaintiffs filed a notice of appeal "claim[ing] appeal from the judgment of the court."

Conrail, analogizing to orders denying motions to intervene, see *Mayflower Dev. Corp.* v. *Dennis*, 11 Mass. App. Ct. 630, 635 (1981), first argues that the order denying the motion to amend was an appealable order and that the notice of appeal, filed almost five months later, was thus untimely. However, there is Federal authority to the contrary. See 6 Wright, Miller, & Kane, Federal Practice & Procedure § 1484, at 596-598 (2d ed. 1990). We assume for purposes of this appeal that — as the plaintiffs argue — because no order for separate and final judgment was entered pursuant to Mass.R.Civ.P. 54(b), 365 Mass. 821 (1974), the appeal from the order denying the motion to amend is properly before us, and we reach the merits of the issue. Cf. *Kotler* v. *American Tobacco Co.*, 926 F.2d 1217, 1221 (1st Cir. 1990) (applying the "familiar principle that where an appeal presents a difficult jurisdictional issue, yet the substantive merits underlying the issue are facilely resolved in favor of the party challenging jurisdiction, the jurisdictional inquiry may be avoided").

The judge did not abuse her discretion by denying the motion to add Conrail as a party defendant. The plaintiffs' negligence action was brought against Generazio on November 27, 1992. Not until after the settlement with the other defendants and almost four and one-half years after the accident and almost three years after filing the complaint did they seek to add Conrail as a defendant. Although not originally made clear from the text of their amended complaint, the plaintiffs now assert that their claim against Conrail is rooted in the Federal Employer's Liability Act, 45 U.S.C. §§ 51-60 (1994). There is no question that this theory of liability was known to them at the time they commenced the action. Yet they made no attempt to explain the delay with any submissions supporting their motion to amend. Further, their delay in adding Conrail as a defendant is prejudicial to Conrail because a key witness to the accident, a former employee of Conrail, has since died. No deposition of this witness was ever taken by any of the parties during the pendency of the principal suit. Unexcused delay in seeking to amend combined with prejudice to the nonmoving party constitutes a valid basis for denial of a motion to amend. See *Goulet* v. *Whitin Mach. Works, Inc.*, 399 Mass. 547, 550 n.3, 552 (1987); *Barbosa* v. *Hopper Feeds, Inc.*, 404 Mass. 610, 621 (1989). See also *Hamed* v. *Fadili*, 408 Mass. 100, 105-106 (1990); *Mathis* v. *Massachusetts Elec. Co.*, 409 Mass. 256, 264 (1991); *Murphy* v. *I.S.K.Con. of New England, Inc.*, 409 Mass. 842, 863-864 (1991); *DiVenuti* v. *Reardon*, 37 Mass. App. Ct. 73, 77-78 (1994).

Because we dispose of the appeal on the basis of the plaintiffs' undue delay in bringing the motion to amend and the resulting prejudice to Conrail, ordinarily we would not pass on Conrail's alternative argument concerning defects in the form of the notice of appeal itself. However, this case stands out as an example of the sort of mischief that occurs when the notice lacks requisite specificity. Here, the notice did not specify that the plaintiffs were appealing from the denial of the motion to amend the complaint by adding

Conrail as a party; further, although the notice listed the other defendants, it did not name Conrail anywhere on the notice of appeal. As a result, Conrail did not receive notice of any appeal as to the December 27, 1995, order.

Mass.R.A.P. 3(c), as amended, 378 Mass. 927 (1979), requires, among other things, that the notice of appeal "shall . . . designate the judgment, order or part thereof appealed from." The language was taken verbatim from that of Fed.R.A.P. 3(c). Interpretation of cognate Federal rules of procedure is relevant in construing the Massachusetts procedural rules. See *Chavoor v. Lewis*, 383 Mass. 801, 806 n.5 (1981). We acknowledge that a number of Federal courts have rejected the notion that failure to name appellees on the notice of appeal, in and of itself, warrants dismissal under Fed.R.A.P. 3(c). *House v. Belford*, 956 F.2d 711, 717 (7th Cir. 1992). See, e.g., *Appeal of D.C. Nurses' Assn.*, 854 F.2d 1448, 1450 (D.C. Cir. 1988); *Longmire v. Guste*, 921 F.2d 620, 622 (5th Cir. 1991); *International Union, UAW v. United Screw & Bolt Corp.*, 941 F.2d 466, 471 (6th Cir. 1991) ("It is the order or judgment from which the appellant appeals and not the specific mention of the appellees that provides the court and any opposing parties the necessary notice"). In the present case, however, it was unclear whether the plaintiffs were appealing from the order denying their motion to amend the complaint and add Conrail as a party, for several reasons: the judgment of dismissal was entered as a result of the suggestion that there was a settlement with the already named defendants, yet the judgment of dismissal also included Conrail on the list of the parties; in the notice of appeal, the plaintiffs did not specify that they were appealing from the order denying their motion to amend (yet ordinarily an appeal from a final judgment includes all prior nonfinal rulings and orders); and the plaintiffs listed the other defendants but not Conrail on their notice of appeal. This type of slipshod preparation of a notice of appeal should not be encouraged. "Even though courts have declined to require the appellant to name each appellee in the notice of appeal, we do not think it is good legal practice to fail to do so." *House v. Belford*, 956 F.2d at 717. In this situation, the plaintiffs should have designated the order denying their motion to amend and have named Conrail in their notice of appeal.

*Judgment affirmed.*

*Lawrence P. Murray* (*Stephen J. Kuzma* with him) for the plaintiffs.
*Leonard F. Zandrow, Jr.*, for the defendant.