Agnes, A.J.
INTRODUCTION
In January 2002 the plaintiff Buduo Contractors (“Buduo”) filed a complaint against Defendant Woodbridge Corporation (“Woodbridge”) in the Worcester District Court. In November 2002 Buduo sought to amend its complaint to add Alan Ottens as an individual defendant. The district court denied Buduo’s motion to amend their complaint. Buduo subsequently filed this suit in Superior Court on March 5, 2003. Buduo was granted summary judgment as to liability on the claims against Woodbridge in the district court case in September 2004. The defendant Alan Ottens (“Ottens”) now brings this motion for summary judgment on the basis of claim preclusion. For the reasons discussed below, the defendant’s motion for summaiyjudgment is ALLOWED.
FACTUAL BACKGROUND
On January 14, 2002 plaintiff Buduo sued defendant Woodbridge Group[3] in Worcester District Court. See Defendant Ottens’ Statement of Material Undisputed Facts p. 2. (“Undisputed Facts.”) The suit arose out of a contract in August 2001 between Buduo and Woodbridge whereby Woodbridge was to perform construction services and supply construction materials to ajob site, for which Buduo would pay. See id. exhibit 2. Buduo’s complaint contained four counts alleging conversion, fraud, deceit and violations of Massachusetts General Laws chapter 93A, unfair and deceptive trade practices. See id. exhibit 1.
On November 4,2002 Buduo filed a motion to amend its complaint to add Alan Ottens individually. See id. at 2. The Worcester District Court denied Buduo’s motion *716 and in doing so reached the merits of its claims.[4] See Undisputed Facts, exhibit 4. Subsequently, on March 5, 2003, Buduo filed a complaint in Superior Court against Woodbridge and Alan Ottens, Paul Alan, and Arthur Urgent as individuals. See id. at 2. On September 3, 2004, in the Worcester District Court action, Buduo was granted summary judgment as to liability on the claims against Woodbridge. See id
DISCUSSION
A
Summary judgment is granted where there are no issues of material fact and when the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976). The moving party bears the burden of demonstrating affirmatively the absence of a triable issue, and that the moving party is entitled to a judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). A party moving for summary judgment, not bearing the burden of proof at trial, may demonstrate the absence of a triable issue by showing that the nonmoving party has no reasonable expectation of proving an essential element of its case at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). Amoving party can meet its burden by showing the non-moving party lacks evidence to support the non-moving party’s case. See Kourouvacilis, 410 Mass. at 711. Once the moving party meets that burden, the non-moving party must show by admissible evidence that there does exist a dispute as to material facts. Id. (citing Godbout v. Cousens, 396 Mass. 254, 261 (1985)). A non-moving party plaintiff must set forth specific facts showing the existence of an issue for trial. Id. (citing Mass.R.Civ.P. 56(e)); Wheatley v. American Telephone & Telegraph Co., 418 Mass. 394, 397 (1994).
B
“Res judicata” is the term used to describe legal doctrines by which one judgment has a binding effect on another judgment. See Bagley v. Moxley, 407 Mass. 633, 636 (1990). Res judicata includes both claim and issue preclusion. Id. Claim preclusion forbids a party from bringing a claim based upon the same claim that was subject to an earlier action between the same parties or their privies. Id. Issue preclusion forbids relitigation of an issue determined in an earlier action, when that same issue arises in later litigation based upon a different claim between the same parties or their privies. Id. at 637.
“The doctrine of claim preclusion makes a valid, final judgment conclusive on the parties and their privies . . .” TLT Construction Corp., 48 Mass.App.Ct. 1, 4 (1999). The three elements necessary for the application of claim preclusion are as follows: (1) identity or privily of the parties to the present and prior actions; (2) identity of the cause of action; and (3) prior final judgments on the merits. Id. Issue preclusion also requires proof of three elements: (1) a final judgment on the merits in the earlier adjudication; (2) the party or its privity against whom estoppel is asserted; (3) the issue in the prior adjudication is identical to the issue in the current adjudication.[5] Id. at 5. A “final judgment” need not be a final judgment in the “traditional sense.”[6] See Tausevich v. Board of Appeals of Stoughton, 402 Mass. 146, 148-49 (1988). The judicial determination of a matter has preclusive effect if the proceeding had the “elements of adjudicatory procedure,” such as argument and the parties’ opportunity to be heard. See TLT Construction, 48 Mass.App. at 9 (maintaining an arbitration award as final judgment).
The defendant Ottens maintains that the denial of Buduo’s motion to amend in the Worcester District Court amounted to a final judgment, thereby barring plaintiffs claims against Ottens in the present suit under the doctrine of claim preclusion.[7] Buduo and Ottens do not dispute that Ottens and Woodbridge were “in privity.” See Defendant’s Brief in Support of Motion for Summary Judgment, p. 4 (noting Ottens was an employee of Woodbridge); see also Plaintiffs Opposition to Defendant’s Motion for Summary Judgment, p. 6 (acknowledging Ottens in privity with Woodbridge). Identity of the cause of action also exists. “A claim is the same for [claim preclusion] purposes if it is derived from the same transaction or series of connected transactions.” TLT Construction Corp., 48 Mass.App.Ct. at 8. Ottens argues that the complaints in this case are virtually the same as those that Buduo attempted to include in its amended complaint in the Worcester District Court. See Defendant’s Statement of Similarities (comparing amended complaint to Superior Court complaint). The complaints that Buduo sought to add to its complaint in the Worcester District Court are in fact the same complaints that plaintiff asserts in counts III and IV of the complaint submitted in the Superior Court action. The language is virtually identical. See Plaintiffs Verified Complaint (Superior Court); see also Plaintiff s Motion to Amend Complaint (District Court). All claims arise from Buduo’s original transactions with Woodbridge.
For claim preclusion to bar the plaintiffs claims in this Court, the Worcester District Court’s denial of the plaintiffs motion to amend in the district court case must be the functional equivalent of a “final judgment.” The denial of a motion to amend, without more, has no effect on whether the plaintiff can bring the denied claim in a separate law suit. See Integrated Technologies Limited v. Biochem Immunosystems, Inc., 2 F.Sup.2d 97, 103 (D.Mass. 1998). However, the denial of a motion to amend may give rise to claim preclusion if it is based on, and constitutes an adjudication on the merits of the proposed new claim.[8] See id In cases where a denial of a motion to amend does constitute an adjudication on the merits, the plaintiff is permitted to appeal the denial, but not permitted to assert the claim in a second lawsuit.[9] Id The denial of a motion to amend is not a final adjudication on the merits if the claims in the proposed amendment arose after the orig *717 inal complaint was filed.[10] In this case, all the claims arise from the original transaction between Buduo and Woodbridge. Buduo did not appeal the Worcester District Court’s decision to deny its motion to amend the complaint. See Civil Docket No. 200262CV000089 (made part of the record before this court).
I believe this Court should follow the approach taken by the Federal District Court in Integrated Technology, supra, and rule that in the circumstances of this case the denial of the motion to amend warrants the invocation by the defendant Ottens of the doctrine of claim preclusion. The Worcester District Court’s denial of the motion to amend should be regarded as a final judgment in this case because it addressed the substance and merits of the motion in a conclusive fashion.[11] See Worcester District Court Notice, Plaintiffs Motion to Amend Complaint (Nov. 15, 2002).
ORDER
For the reasons discussed above, it is hereby ORDERED that defendant Ottens’ motion for summary judgment is ALLOWED.

Buduo asserts that Defendants, Paul Ventura, Alan Ottens and Arthur Urgent do business under the entity name Woodbridge Group. See Statement of Undisputed Material Facts, exhibit 1.

“Denied as to count III in substance and in form. Denied as to count IV with respect to the 93A violation in substance and as to the personal liability issues with respect to the form of the complaint. Regardless of any additional amendment request whether allowed or denied, all discovery must be completed by March 30, 2003.” Plaintiffs Motion to Amend Complaint (Worcester District Court before Judge Mandell) (November 14, 2002).

For issue preclusion, the issue in the prior litigation must have been essential to the judgment. TLT Construction Corp., 48 Mass.App.Ct. at 5.

The Tausevich case dealt with an issue preclusion claim.

Ottens says that Counts II-IV in the plaintiffs complaint in this action are the same as the claims filed in the action in the Worcester District Court. See Defendant’s Brief in Support of Motion for Summary Judgment, p. 1. Ottens says that Count V of the plaintiffs complaint is a premature reach and apply request since Plaintiff does not have an underlying judgment against Ottens. See id.

Ottens relies on a decision of this court in which the denial of a motion to disqualify was not regarded as sufficient to trigger the doctrine of issue preclusion. See Jarosz v. Palmer, No. 98-P-1062 (Mass.Super.Ct. Middlesex 2000) (Borenstein, J.). Jarosz is distinguishable from this case. The denial of the motion to disqualify in that case was an interlocutory order, not appealable until after the final decision in the case. See id. (a procedure for authorizing an interlocutory appeal existed, but was a procedure extremely unlikely to succeed on a motion).

If the denial of the motion to amend was based on the merits of the proposed new claim, the fact that the first lawsuit is still pending when the plaintiff files the new lawsuit has no bearing on whether claim preclusion does or does not apply. Integrated Technologies Limited v. Biochem Immunosystems, Inc., 2 F.Sup.2d 97, 104 (D.Mass. 1998). Since the denial of the motion to amend was “on the merits” it constitutes a “final judgment” and the doctrine of claim preclusion does apply. Id. See also Professional Management Associates, Inc. v. KPMG LLP, 345 F.3d 1030 (8th Cir. 2003) (allowing denial of motion to amend to trigger res judicata doctrine).
The United States District Court for the Middle District of Alabama came to a similar conclusion in the Hrabe case. Hrabe v. Paul Revere Life Insurance Co., 76 F.Sup.2d 129 (M.D.Ala. 1999). In Hrabe, the Court followed the reasoning of other federal district courts that res judicata applies not only to matters litigated in a prior action, but all those that could have been litigated. See id. at 1303 (noting decision from 11th circuit). Hrabe determined that a denied motion to amend served as a final judgment on the merits when the plaintiff brought her motion to amend in an untimely manner when all the claims already existed when the original complaint was filed. Id. at 1304 (indicating that the decision was supported by other courts’ reasoning).

Compare Lundquist v. Rice Memorial Hospital, 238 F.3d 975, 977 (8th Cir. 2001) (denying application of claim preclusion based on denial of motion to amend when claim in second suit arose after filing complaint in first suit). See also Curtis v. Citibank, 226 F.3d 133, 140 (2nd Cir. 2000) (noting denial of motion to amend does not bar litigation of claim arising after filing of first complaint).

The claims of 93A violations were denied as to substance and form. See note 4, supra. Violations with respect to personal liability were denied with respect to the form of the complaint. Id. Ottens argues, however, that if a motion is not denied on the merits, then the “ordinary principles of claim preclusion apply.” See Defendant Alan Ottens’ Reply Memorandum, p. 3; see also Integrated Technologies Limited, 2 F.Sup.2d at 103. Accordingly, if the claim is transactionally related to the one subject to the pending lawsuit and existed when the lawsuit was filed, then the defendant had an obligation to bring that claim in the earlier suit, or bring a motion to amend earlier in that earlier suit. See id.; see Integrated Technologies Limited, 2 F.Sup.2d at 102-03.