van Gestel, Allan, J.
This matter is before the Court on the Defendants’ Motion for Summary Judgment, Paper #11. The motion is premised on a claimed violation of the rule against claim splitting and the doctrine of res judicata.

BACKGROUND

On September 30, 2003, First Taunton Financial Corp. (“First Taunton”) filed an action against Arlington Land Acquisition-99, LLC (“ALA”) and Sean P. McGrath (“McGrath”) in Superior Court. First Taunton Fin. Corp. v. Arlington Land Acquisition-99, LLC, Civil No. 03-4449 BLS (the “First Action”). In the First Action First Taunton sought direct, personal damages from defendants ALA and McGrath for allegedly mismanaging ALA and committing financial improprieties. Eight Arlington Street, LLC (“Eight Arlington”) was also a defendant in the First Action. This Court granted ALA and McGrath’s motion for partial summary judgment on all of First Taunton’s claims for direct damages within Counts I-VII of the complaint in the First Action because First Taunton should have proceeded derivatively on behalf of ALA not directly for itself [20 Mass. L. Rptr. 556).
First Taunton then moved to amend its complaint in the First Action to assert claims for derivative damages. This Court denied First Taunton’s motion to amend because it would have been unfair and prejudicial to the defendants, and wasteful of the Court’s time. This Court noted that First Taunton should not have waited until a year after the close of discovery and a heavily litigated motion for partial summary judgment to try to ameliorate this deficiency in the complaint.
Subsequently, First Taunton filed this second action. In it First Taunton attempts to derivatively assert Eight Arlington’s claims for damages arising from the same alleged financial mismanagement against ALA and McGrath.

DISCUSSION

Rule 56(c) of the Massachusetts Rules of Civil Procedure, 365 Mass. 824 (1974), provides that summary judgment is appropriate “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” We view the evidence in the light most favorable to the nonmoving party. See BayBank v. Bornhofft, 427 Mass. 571, 573 (1998).
Vittands v. Sudduth, 49 Mass.App.Ct. 401, 405-06 (2000).
Thus, summary judgment is granted where, viewing the evidence in the light most favorable to the non-moving party, there are no issues of genuine material fact, and the moving party is entitled to judgment as a matter of law. Cabot Corporation v. AVX Corporation, 448 Mass. 629, 636-37 (2007); Hakim v. Massachusetts Insurers’ Insolvency Fund, 424 Mass. 275, 281 (1997); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); *734 Mass.R.Civ.P. 56(c). “[T]he moving party must establish that there are no genuine issues of material fact, and that the non-moving party has no reasonable expectation of proving an essential element of its case.” Miller v. Mooney, 431 Mass. 57, 60 (2000). See also Pederson v. Time, Inc., 404 Mass. 14, 17 (1989).
While we examine the record in its light most favorable to the nonmoving party, Foster v. Group Health, Inc., 444 Mass. 668, 672 (2005), “[c]onclusory statements, general denials, and factual allegations not based on personal knowledge (are) insufficient to avoid summary judgment” (citations omitted). Cullen Enters., Inc. v. Massachusetts Prop. Ins. Underwriting Ass’n., 399 Mass. 886, 890 (1987). “If the opposing party fails properly to present specific facts establishing a genuine, triable issue, summary judgment should be granted.” Id.
O’Rourke v. Hunter, 446 Mass. 814, 821-22 (2006).
“ ‘[T]he party moving for summary judgment in a case in which the opposing party will have the burden of proof at trial is entitled to summary judgment if he demonstrates . . . that the party opposing the motion has no reasonable expectation of proving an essential element of that party’s case.’ Wheatley v. American Tel. & Tel. Co., 418 Mass. 394, 397 (1994), quoting Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1994).” Symmons v. O’Keefe, 419 Mass. 288, 293 (1995). See also DiPietro v. Sipex Corp., 69 Mass.App.Ct. 29, 36 (2007).
The doctrine of res judicata, otherwise known as claim preclusion, “makes a valid, final judgment conclusive on the parties and their privies, and bars further litigation of all matters that were or should have been adjudicated in the action.” Jarosz v. Palmer, 436 Mass. 526, 533-34 n.3 (2002), quoting Heacock v. Heacock, 402 Mass. 21, 23 (1988). The three elements that must be met for claim preclusion to apply are: (1) identity or privity of the parties to the present and prior actions; (2) identity of the cause of action; and (3) a prior final judgment on the merits. Kobrin v. Board of Registration in Med., 444 Mass. 837, 843 (2005). Here, the defendants, as the parties moving for summary judgment on the basis of res judicata, bear the burden of establishing its elements. Fabrizio v. U.S. Suzuki Motor Corp., 362 Mass. 873, 873-74 (1972); TLT Constr. Corp. v. A. Anthony Taupe & Assocs., Inc., 48 Mass.App.Ct. 1, 5 (1999).
The rule against claim splitting is “distinct from but related to” the doctrine of res judicata. Curtis v. Citibank, 226 F.3d 133, 138 (2d Cir. 2000); see also Natick Auto Sales, Inc. v. Department of Procurement and Gen. Serv’s., 47 Mass.App.Ct. 625, 632 (1999) ("The two actions launched... are an example of claim splitting, warranting invocation of the doctrine of claim preclusion”); Roche v. Roche, 22 Mass.App.Ct. 306, 309 (1986) (“what the proceedings present below is a question of claim splitting resulting in claim preclusion”); Mongeau v. Boutelle, 10 Mass.App.Ct. 246, 251 (1980) (“the prohibition against claim splitting ... is sometimes called ‘claim preclusion’ ”). The principle of claim splitting provides that “the entry of a ‘valid and final judgment extinguishes ... all rights of a plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of transactions, out of which the action arose.’ ” Boyd v. Jamaica Plain Co-Operative Bank, 7 Mass.App.Ct. 153, 163 (1979), quoting Restatement (Second) of Judgments §61(1) (Tent. Draft No. 5, 1978).[1]
Claim splitting precludes subsequent claims even if a plaintiff presents new evidence, grounds, or theories of the case in a second action. Id. This rule is now comprehended within Mass.R.Civ.P. 12(b)(9).[2] “Whether expressed as claim preclusion or as a rule against claim splitting, the doctrine presupposes that a claimant has had an opportunity to assert his claims against a given defendant, and either has failed to assert those claims or has asserted the claims and had them adjudicated adversely.” Day v. Kekorian, 61 Mass.App.Ct. 804, 811 (2004).
A. Identity or Privity of Parties
There must be an identity or privity of the parties to the present and prior actions for claim preclusion to be applied. TLT Constr. Corp., 48 Mass.App.Ct. at 5. “There has to be a ‘sufficient legal identity’ between the interest of the person allegedly represented and the prior litigant for the later claim to be precluded.” Mongeau, 10 Mass.App.Ct. at 250, quoting Rudow v. Fogel 376 Mass. 587, 589 (1978). See Boyd, 7 Mass.App.Ct. at 158 (holding that the current party was “sufficiently identified” with the parties to the prior litigation). Accordingly, “a nonparty to a prior adjudication can be bound by it only where the nonparty’s interest was represented by a party to the prior litigation.” TLT Construction Corp., 48 Mass.App.Ct. at 6, quoting Massachusetts Prop. Ins. Underwriting Ass’n v. Norrington, 395 Mass. 751, 754 (1985).
In cases involving multiple parties, however, the legal identity required is “a very close relationship bordering on a complete identity of interest between the individuals in question.” Mongeau, 10 Mass.App.Ct. at 252, quoting Allan D. Vestal, Claim Preclusion and Parties in Privity: Sea-Land Servs. v. Gaudetin Perspective, 60 Iowa L. Rev. 973, 976 (1975). Massachusetts courts require very close relationships to establish privity for purposes of claim preclusion in the multiparty context because its implications are drastic. Mongeau, 10 Mass.App.Ct. at 252 n.5. Claim preclusion requires the litigant in the second suit to completely step into the shoes of the earlier litigant, and accept its recovery or loss. Id.
Generally, a party that litigates in one legal capacity is not thereby impeded from litigating in other capacities. Rudow, 376 Mass. at 589. This rule “safeguard[s] the integrity of such representative functions.” Id. at 589 n.3, quoting Restatement (Second) of Judgments *735 §80, cmt. a (Tent. Draft No. 2, 1975). For example, in Rudow, a plaintiffs prior action against a defendant did not prevent him from later suing that defendant on behalf of his son. Id. at 589 n.3. Therefore, while litigating a claim in one capacity against a defendant, a party need not raise other claims that arose in the context of a separate legal capacity. M.J. Flaherty Co. v. United States Fid. & Guar. Co., 61 Mass.App.Ct. 337, 340 (2004). In M.J. Flaherty, the plaintiff theoretically could have litigated its claims against a company in the company’s capacity, as an individual, and as a surety. Id. However, “its failure to do so should not doom that claim, asserted in a subsequent action, to dismissal as a prior pending action. The filing of two separate actions is not an irrational alternative.” Id. at 340.
There are some exceptions to the rule set forth in Rudow that a party appearing in one capacity does not represent his own interests, or the interests of another. A party that litigates in a representative capacity will simultaneously represent its individual interest if it was the “real party in interest.” Natick Auto Sales, 47 Mass.App.Ct. at 632.[3] A litigating party may also simultaneously represent the interest of a prior party that controlled or acquiesced to that litigation. Massa v. Stone, 346 Mass. 67, 73 (1963) (holding that there was no identity of interests between voting trust beneficiaries when the beneficiaries in the first action were not controlled by the beneficiary in a later action); Boyd, 7 Mass.App.Ct. at 155, 157 (holding that parties had identity of interest through acquiescence when they used one case as a pilot for trial purposes, which resulted in a decision that was dispositive of all claims in subsequent suit). Additionally, a party litigating a claim on behalf of another relinquishes its individual causes of action if it does not suggest that it is reserving them. Detore v. McKinstery, 322 Mass. 190, 192 (1947).[4]
A shareholder ordinarily should be able to sue a third party in an individual capacity, and then later stand in the shoes of a corporation and assert derivative claims on its behalf. In Tracy v. Curtis, 10 Mass.App.Ct. 10, 11-12, 26 (1980), plaintiff minority shareholders of a realty trust could simultaneously file separate derivative and individual suits against the same trustee-defendants. The defendants’ contention that facts found in the derivative suit precluded the individual action “overlook(ed) the different capacities of the plaintiffs in the two actions.” Id. at 26. See also Campbell v. Ashler, 320 Mass. 475, 480 (1946) (holding that an administrator who represented decedent’s estate in action for the benefit of creditors could later bring action for wrongful death because he acted for the benefit of those protected by wrongful death statute); Mongeau, 10 Mass.App.Ct. at 252 (holding that plaintiff that sued a seller for fraud could later sue real estate broker for deceptive acts under G.L.c. 93A and fraud because the broker’s interests were not sufficiently identical to the seller’s interests). Precluding a shareholder from representing a corporation after it pursues claims in its individual capacity would ignore the shareholder’s representative function in the latter suit. See Rudow, 376 Mass. at 589.
Although a shareholder’s action generally does not have a preclusive effect on the corporation, some courts make an exception when a closely-held corporation is involved. See Restatement (Second) of Judgments §59 (1982). These courts, which have adopted the view of the Restatement (Second) of Judgments, presume that a closely-held corporation, its officers, and its shareholders all have the same interests. Id. In individual suits by corporations, or derivative suits by shareholders, the corporation is the “true party in interest.” In re Sonus Networks, Inc. S’holder Derivative Littg., Civ No. 04-10359-DPW, at 22/291 (D.Mass. March 31, 2006); Clark v. Lacy, 376 F.3d 682, 686 (7th Cir. 2004). From this premise, these courts reason that, “one opportunity to litigate issues that concern them in common should sufficiently protect them both.” McDonald v. Cason, 01-0932, p. 6 (La.App. 3 Cir. 12/12/01), 801 So.2d 1255 (applying federal law of res judicata), quoting Restatement (Second) of Judgments §59 (1982); see also Jordache Enter, v. Nat’l Union Fire Ins. Co., 204 W.Va. 465, 479 (1998).
Accordingly, courts adopting this exception have held that a shareholder’s derivative suit precludes later derivative suits by other shareholders. Smith v. Waste Mgmt., Inc., 407 F.3d 381, 386 (5th Cir. 2005); Clark, 376 F.3d at 686; In re Sonus Networks, Civ No. 04-10359-DPW, at 22/291. This exception also precludes individual actions by corporate officers after a closely-held corporation had itself already litigated the claim. McDonald, 01-0932, p. 6 (La.App.) (holding that a prior action by a closely-held corporation precluded a later action by its majority shareholder and president); Jordache Enter., 204 W.Va. at 480-81 (holding that a prior action by a closely-held corporation and two officers and directors precluded a later action by another officer, director, and shareholder).
This Court should not, without further appellate guidance, presume that a shareholder’s individual action precludes a derivative suit on behalf of a closely-held corporation. Massachusetts has consistently protected an individual’s ability to sue the same defendant in different capacities, and to do so in separate lawsuits. See, e.g. Rudow, 376 Mass. at 589; M.J. Flaherty Co., 61 App.Ct. at 340. Other cases may have held that a closely-held corporation is in privity with its shareholders and officers, but have not done so in the context of one party suing in separate capacities. In Sonus Networks, the Federal District Court anticipated that this jurisdiction would eventually adopt a rule that “[n]onparfy shareholders are usually bound by a judgment in a derivative suit on the theory that the named plaintiff represented their interests in the case.” Civ. No. 04-10359-DPW, at 292. It may be *736 so that some shareholders in a closely-held corporation represent each other because they have the requisite “very close relationship that borders on a complete identity of interest.” Mongeau, 10 Mass.App.Ct. at 251-52. However, a rule that prevents a shareholder in a closely-held corporation from litigating separate suits in its different capacities would undermine the integrity of its representative function. See Rudow, 376 Mass. at 589; Tracy, 10 Mass.App.Ct. at 11-12, 26.
Under the above principles, First Taunton’s previous individual action does not preclude it from filing a subsequent, derivative suit against the defendants on Eight Arlington’s behalf. Ordinarily, shareholder First Taunton would not simultaneously represent Eight Arlington by filing a suit in an individual capacity. Rudow, 376 Mass. at 589 & n.3. This case deals with multiple parties, and, therefore, First Taunton must have an almost complete identity of interests with Eight Arlington to have been its privity. See Mongeau, 10 Mass.App.Ct. at 252.
Like the minority shareholders in Tracy, First Taunton’s interests were different from that of the corporation it partly owned. See 10 Mass.App.Ct. at 11-12. This Court previously acknowledged their different interests in its memorandum and order granting the defendants’ motion for summary judgment in First Taunton Fin. Corp., Civil No. 03-4449 BLS. This Court held that only Eight Arlington, not First Taunton, could seek recovery of the allegedly improper payments that the defendants allegedly caused it to make. First Taunton Fin. Corp., Civil No. 03-4449 BLS, at 6-7, citing Mass.R.Civ.P. Rule 23.1 [20 Mass. L. Rptr. 556]. In Dwight, where an entire group of trust beneficiaries had identical interests in seeking restitution, a guardian ad litem for select beneficiaries necessarily represented the entire group. 371 Mass. at 427-28. However, in this case, only Eight Arlington could assert an interest in recovery of improper payments. While First Taunton could have pursued both claims in its first suit, it was not obligated to do so. See Tracy, 10 Mass.App.Ct. at 11-12, 26; M.J. Flaherty Co., 61 App.Ct. at 340.
This case is unlike others where an individual was prevented from commencing lawsuits in different capacities. First Taunton is not the “real party in interest” in its derivative suit. See Natick Auto Sales, 47 Mass.App.Ct. at 632. Instead, First Taunton is standing in the shoes of Eight Arlington, and asserting Eight Arlington’s claims on its behalf. The defendants do not allege that Eight Arlington controlled or acquiesced to First Taunton’s individual suit. Cf. Massa, 346 Mass. at 73; Boyd, 7 Mass.App.Ct. at 157. Unlike the claimant in Detore, First Taunton did not first file a suit on behalf of an entity it represented and thereby indicate that it was relinquishing its claims to that entity. See 322 Mass. at 192. Even if First Taunton could relinquish a derivative claim by first pursuing an individual claim under Detore, First Taunton suggested that it might pursue derivative claims by moving to amend its complaint accordingly.

B. Identity of Cause of Action

“A claim is the same for [claim preclusion] purposes if it is derived from the same transaction or series of connected transactions.” TLT Construction Corp., 48 Mass.App.Ct. at 8. Therefore, claims alleging different forms of liability are the same for purposes of claim preclusion if they “grow[ ] out of the same transaction, act, agreement, and seeks redress for the same wrong.” Chariette v. Chariette Bros. Foundry, 59 Mass.App.Ct. 34, 45 (2003), quoting Mackintosh v. Chambers, 285 Mass. 594, 596 (1934). The claims in each of First Taunton’s lawsuits arise out of the defendants’ alleged mismanagement of ALA and financial improprieties.
C. Final Judgment on the Merits
The third requirement that must be satisfied for claim preclusion to apply is that there must be a prior final judgment on the merits. Gloucester Marine Rys. Corp. v. Charles Parisi, Inc., 36 Mass.App.Ct. 386, 390 (1994). A judgment may be final in the traditional sense, such as when it is entered in a separate order for judgment under Mass.R.Civ.P. 54(b).[5] Tausevich v. Board of Appeals of Stoughton, 402 Mass. 146, 148 (1988). In contrast, interlocutory orders, such as an order for partial summary judgment, are generally not final in the traditional sense. Acme Eng’g & Mfg. Corp. v. Airadyne Co., 9 Mass.App.Ct. 762, 764 (1980). They are subject to revision at any time by the trial court prior to the entry of ajudgment disposing of all claims against all parties to the action. Id.
However, a “final” judgment in this traditional sense is not required for purposes of res judicata. Jarosz, 436 Mass. at 533; Tausevich, 402 Mass. at 148. Instead, a determination is “final” in this sense when “the parties were fully heard, the judge’s decision is supported by a reasoned opinion, and the earlier opinion was subject to review or was in fact reviewed.” Jarosz, 436 Mass. at 533-34, quoting Tausevich, 402 Mass. at 149; see also Restatement (Second) of Judgments §13 (1982) (stating that a “final judgment” includes “any prior action that is determined to be sufficiently firm to be accorded conclusive effect”). At this point, “the litigation of a particular issue has reached such a stage that a court sees no really good reason for permitting it to be litigated again.” Tausevich, 402 Mass. at 149. The judicial determination of a matter, therefore, has preclusive effect if the proceeding had the “elements of adjudicatory procedure.” TLT Construction Corp., 48 Mass.App.Ct. at 9 (holding that arbitration award had preclusive effect because there was an argument, an opportunity to be heard, and a decision on the merits).
Generally, res judicata is applied based on a preliminary or interlocutory order only when the order is appealable. Jarosz, 436 Mass. at 534; Tausevich, 402 Mass. at 149. In Tausevich a court order for partial summary judgment was not final because it was never expressed in an appealable judgment or order. 402 Mass. *737 at 149. That an apparently substantial issue remained undecided, and the case was terminated by a stipulation of dismissal without prejudice, were additional factors supporting the court’s ruling. Id. at 150. Likewise, in Jarosz, a denial of motion to disqualify was not final because it was an interlocutory order, not appeal-able until after final decision in that case. 436 Mass. at 529, 533-34; see also Shwachman v. Meagher, 45 Mass.App.Ct. 428, 428, 433 (1998) (holding that the parties’ court-approved agreement for judgment was not a final judgment). The preeminence of whether an order is appealable in this analysis is reflected in the Supreme Judicial Court’s reliance on Avondale Shipyards, Inc. v. Insured Lloyd’s, 786 F.2d 1265, 1270 (5th Cir. 1986), cited in Tausevich, 402 Mass. at 149. In that case, the United States Court of Appeals for the Fifth Circuit decided that an order for partial summary judgment was not final because it was unappealable, and expressly disregarded other factors. Avondale Shipyards, Inc., 786 F.2d at 1270-01.
Massachusetts Courts have not determined whether the denial of a motion to amend is directly appealable when it is not entered separately under Mass.R.Civ.P. 54(b). However, the Appeals Court has acknowledged federal precedent indicating that orders denying motions to amend are not directly appealable. Bateman v. Consol. Rail Corp., 45 Mass.App.Ct. 916, 917 (1998). In Buduo Contractors Corp. v. Ventura, Justice Agnes held that a denial of a motion to amend was final, and precluded a party’s subsequent action. Civ. No. 03-0455A, 2005 Mass.Super. LEXIS 10, at *9 & n.8 (Worcester Super.Ct. Feb. 4, 2005) (unpublished decision) [18 Mass. L. Rptr. 715). However, that motion was appealable because summary judgment had been granted as to all claims in the prior case. Id.
If the denial of a motion to amend is not appealable, then a court may give it preclusive effect only in special circumstances. See Tausevich, 402 Mass. at 149. The court in Tausevich neglected to find that such special circumstances existed when the first action was dismissed by stipulation without prejudice and the plaintiffs had another claim pending. 402 Mass. at 150; see also Jarosz, 436 Mass. at 534 (holding that a lower court’s ruling on a motion for disqualification cannot be basis for issue preclusion because the likelihood of obtaining interlocutory review is very limited). Special circumstances permitting an unappealable order to be considered “final” also exist for a court order after a full trial that is immune from reversal on appeal, and a settlement made after trial for the express purpose of avoiding issue preclusion. Tausevich, 402 Mass. at 149-50.
In addition to being “final,” the denial of a motion to amend must be “on the merits” in order to have a preclusive effect. See Curtis v. Citibank, 226 F.3d 133, 139 (2d Cir. 2000); Integrated Tech. Ltd. v. Biochem Immunosystems, Inc., 2 F.Sup.2d 97, 103 (D.Mass. 1998); Buduo Contractors Corp., 2005 Mass.Super. LEXIS 10, at *9. Some courts have held that a denial of a motion to amend is a final adjudication “on the merits” only if the denial was based on the merits of the underlying claim. Integrated Tech. Ltd., 2 F.Sup.2d at 105 (holding that a denial of a motion to amend was not final on the merits because denial was based solely on the expected disruptive effect of the new claims on the litigation); Buduo Contractors Corp., 2005 Mass.Super. LEXIS 10, at *11 (holding that the denial of motion to amend was final on merits because it was based on the substance of the plaintiffs G.L.c. 93A claim); accord Curtis, 226 F.3d at 139.
On the other hand, courts like the United States Court of Appeals for the Eighth Circuit hold that the denial of a motion to amend operates as a judgment on the merits even if dismissal was for reasons other than the merits, such as timeliness. See Professional Mgmt. Assocs. v. KPMG, LLP, 345 F.3d 1030, 1132 (8th Cir. 2003) (per curiam), citing Poe v. John Deere Co., 695 F.2d 1103, 1107 (8th Cir. 1992). Massachusetts treats involuntary dismissals as adjudications on the merits for purposes of res judicata unless they are for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19. Mestek, Inc. v. United Pac. Ins. Co., 40 Mass.App.Ct. 729, 731 (1996), citing Mass.R.Civ.P. 41(b)(3).[6] However, it is not clear whether the denial of a motion to amend is an involuntary dismissal.
Under the Supreme Judicial Court’s factor analysis for finality, this Court’s order denying First Taunton’s motion to amend is not a final judgment. Jarosz, 436 Mass. at 533-34. This Court’s denial is not yet appeal-able because it was not entered as a separate judgment, and not all of First Taunton’s claims have been disposed of in its individual action. See Bateman, 45 Mass.App.Ct. at 917; Tausevich, 402 Mass. at 148. There are no special circumstances that merit considering this preliminary order as “final.” See Tausevich, 402 Mass. at 149-50. Nor do other factors mentioned in Jarosz support a decision that this order was final; this Court did not deny First Taunton’s motion after hearing and ruling on the underlying merits of its derivative claims. See 436 Mass. at 533-34.
Moreover, this Court’s denial of First Taunton’s motion to amend was not on the merits of First Taunton’s proposed derivative claims for purposes of res judicata. This Court denied First Taunton’s motion to amend because granting leave would be unfair and prejudicial. First Taunton Fin. Corp., Civil No. 03-4449 BLS, at 2-3 [20 Mass. L. Rptr. 556). Consequently, this Court’s denial would not be “on the merits” for purposes of res judicata unless it adopted the Eighth Circuit’s holding in Professional Mgmt. Assocs., 345 F.3d at 1132. This Court need not take that step, however, because the denial of First Taunton’s motion to amend was not a final judgment.

D. Claim Splitting

Under claim splitting principles, some courts hold that a party is precluded from bringing a claim that could have been brought earlier in the original suit *738 even if there has not been a final judgment on the merits. Curtis, 226 F.3d at 139-40; Hrabe v. Paul Revere Life Ins. Co., 76 F.Sup.2d 1297 (M.D.Ala. 1999). Claim splitting bars claims that existed at the time a party filed its previous suit. Curtis, 226 F.3d at 139-40 (holding that denial of an untimely motion to amend precludes claims that could have been brought earlier). On the other hand, a party may file a subsequent suit asserting claims that arose after it filed the first suit. Id.; Integrated Tech. Ltd., 2 F.Sup.2d at 105.
The doctrine of claim splitting cannot preclude First Taunton’s derivative suit, however, because First Taunton and Eight Arlington are not the same parties. Claim splitting, like res judicata, presupposes that a claimant had a previous opportunity to assert his claims. See Day, 61 Mass.App.Ct. at 811. As discussed above, there is no identity or privity between First Taunton and Eight Arlington. Thus, in M.J. Flaherty, the Appeals Court refused to invoke the doctrine of claim splitting when the first action involved a defendant in his capacity as a surety, and the second involved the same defendant in his capacity as an individual. 61 App.Ct. at 339; see also Natick Auto Sales, 47 Mass.App.Ct. at 632 (holding that claim splitting precluded a plaintiff automotive seller from suing in its individual capacity because it was the real party in interest in the prior suit); Boyd, 7 Mass.App.Ct. at 164 (holding that claim splitting precluded a suit by a party that was represented by plaintiff in prior litigation against the same defendant).
On the other hand, if this Court were to hold that First Taunton was in privity with Eight Arlington, the doctrine of claim splitting would bar its derivative suit. Under Mass.R.Civ.P. 12(b)(9), a second action should be dismissed if “the parties and the issues are the same as those in a prior action still pending in a court of this Commonwealth.” M.J. Flaherty, 61 App.Ct. at 339. The issues in First Taunton’s individual suit are identical to those raised in its derivative suit. Therefore, if First Taunton is in privity with Eight Arlington, claim splitting should preclude its derivative suit even if this denial could not be accomplished pursuant to the doctrine of res judicata.

CONCLUSION

The doctrines of res judicata and claim splitting do not bar First Taunton from filing a derivative action to assert Eight Arlington’s claims against ALA and McGrath because there is insufficient legal identity or privity between First Taunton and Eight Arlington. First Taunton filed its first lawsuit on its own behalf, but filed the current lawsuit in a representative capacity for benefit of Eight Arlington. In addition, res judicata does not preclude First Taunton’s second action because this Court’s denial of First Taunton’s motion to amend was not a final judgment on the merits.

ORDER

For the foregoing reasons, the Defendants’ Motion for Summary Judgment, Paper # 11, is DENIED.

In a later case, the Appeals Court referred to a subsequent version of the Restatement (Second) of Judgments while describing claim splitting. See Day v. Kekorian, 61 Mass.App.Ct. 804, 811-12 (2004), citing Restatement (Second) of Judgments §24(1) (1982) (“When a valid and final judgment . . . extinguishes the plaintiffs [sic] claim pursuant to the rules of merger or bar . . . the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose”).

In M.J. Flaherty Co. v. United States Fid. & Guar. Co., the Appeals Court held that this Rule 12(b)(9) “provides for the dismissal of a second action in which the parties and the issues are the same as those in a prior action still pending in a court of this Commonwealth.” 61 Mass.App.Ct. 337, 339 (2004). The text of Rule 12(b)(9) is as follows: “Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion ... (9) Pendency of a prior action in a court of the Commonwealth.”

In Natick Auto Sales, a plaintiff automotive sales company could not assert an action in its capacity as an individual because it previously sued the same defendant in its capacity as a taxpayer. 47 Mass.App.Ct. at 632. The plaintiff itself, not as a taxpayer, had the real interest enjoining the performance of a contractual bid awarded to the defendant. Id. Even though other taxpayers joined the plaintiffs action, all were members of the plaintiffs corporation. Id. Therefore, the plaintiffs claim as a taxpayer was a “fig leaf,” a mere device through which it sought to prevent the defendant from awarding a contract to another. Id. see also Dwight v. Dwight, 371 Mass. 424, 427-28 (1976) (holding that a guardian ad litem who brought an action on behalf of certain trust beneficiaries against a trustee necessarily represented all trust beneficiaries because they had identical interests in the guardian’s seeking restitution of the trust property).

In Detare, a father could not assert individual claims for consequential damages on his son’s personal injuries when he previously brought an action based on that occurrence as his son’s next Mend. 322 Mass. at 192. The father “represented to the court and the defendant that, as between the son and himself, the son was entitled to the damages claimed” by neglecting to suggest that he might file claims based the same occurrence. Id.

Massachusetts Rule of Civil Procedure 54(b) provides: “When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.”

Massachusetts Rule of Civil Procedure 41(b)(3) provides: “Unless the [involuntary] dismissal is pursuant to paragraph (1) of this subdivision (b), or unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision (b) and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.”